



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 22 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:04-CR-249-CAP |
| GREGORY C. KAPORDELIS | : | |

## RESPONSE TO DEFENDANT'S MOTION TO COMPEL

COMES NOW the United States of America, by David E. Nahmias, United States Attorney for the Northern District of Georgia, and Aaron M. Danzig, Assistant United States Attorney, and files this Response to Defendant's Motion to Compel Discovery as follows:

In its motion, Defendant seeks various documents and videotapes from the Government notwithstanding the fact that Defendant has previously been informed that much of the items he seeks are not within the care, custody or control of the United States. Defendant also seeks files contained on a computer that was seized when Defendant re-entered the United States. The Government has provided full access to this computer (and all of the other computers it seized) but Defendant has failed to copy a single photo from the files he now seeks.

1. **"Alex" and "Wolf" files contained in New York laptop.**

Defendant seeks approximately 9,000 items contained in the "Alex" and "Wolf" files, which are on the laptop computer that was seized by Immigration and Customs Enforcement ("ICE") agents when

Defendant was arrested in New York when attempting to re-enter the United States from Russia. As the Court is aware, and pursuant to agreement with Defendant, the Government voluntarily provided Defendant will copies of <u>all</u> documents from all of Defendant's computers that were seized. Also pursuant to this agreement, the Government agreed to provide access to images of Defendant's computers, which could be viewed with the use of the Government's forensic tools. The Government also provided Defendant access to a printer so that Defendant could print any files that did not contain child pornography or other contraband. Despite many visits to view images contained on the computers, Defendant has not printed any documents.

Defendant acknowledges that the Government has instituted administrative forfeiture proceedings for the computers that were seized and that Defendant did not object to any forfeitures. Thus, Defendant has relinquished any right to the computers or the contents on the computers and cannot now claim that he is entitled to images on the computer under the Rule 16 ground that these items were "obtained from, or belong to, the defendant." Rule 16(a)(1)(E)(iii).

Defendant further claims that the items in the "Alex" and "Wolf" files are material to preparing the defense and should be produced under that provision of Rule 16. <u>See</u> Rule 16(a)(1)(E)(i).

Defense counsel previously requested all 9,000 items contained in these computer files on the grounds that they were critical to Defendant's Motion to Suppress. Counsel for the Government responded on January 14, 2005, noting that Defendant has had the opportunity to review and print any items he wants, but that Defendant has not printed a single document. Counsel for the Government requested defense counsel provide some reasonable limitation or explain how the 9,000 images are critical to the defense. However, no response was forthcoming and, indeed, defense counsel was able to prepare a 130 page motion to suppress, along with hundreds of pages of attachments, without any use of the images contained in the "Alex" and "Wolf" folders. Even if these images are critical to the defense, the Government has provided full access to all items contained on all of Defendant's computers.

2.  <u>Russian Hotel Security Tapes</u>.

Defendant moves to compel the Government to produce surveillance video tapes in the possession, custody and control of a non-government foreign agent, the Grand Hotel Europe. Defendant makes this request even though the Government has previously responded to this Court's Order where the Government indicated that it had provided Defendant all surveillance tapes it received from the Russian police and the Grand Hotel Europe.

3.   Russian Search Warrant.

As with Item 2, above, the Government previously indicated in response to the Court's Order that the Government does not have copies of this Russian government document. As further explained to defense counsel, the Russian government is not under the control of the United States government and cannot be forced to provide any documents or other information. The process for obtaining information is to request it from the Russian government, including the formal MLAT request. To date, the Government has requested this item, but it has not been provided.

Further, since this item, as with items 2 and 4, is controlled by a third-party (i.e., the Russian government or Russian citizens), defense counsel can file a Letters Rogatory to attempt to obtain this information themselves. The Government is unaware of any such attempt by defense counsel, and the Government should not, and cannot, be compelled to obtain evidence from third parties which the Government does not control. (Interestingly, as seen in the attachments to Defendant's Motion to Dismiss, defense counsel had no difficulty in traveling to Russia and obtaining substantial evidence on their own yet now claims that the United States Government is somehow withholding documents that are controlled and possessed by the Russian government.)

4.   Russian Street Surveillance Tape.

Defendant moves to compel the Government to produce a Russian surveillance video tape in the possession, custody and control of the Russian government. Defendant makes this request even though the Government has previously responded to this Court's Order where the Government indicated that it had provided Defendant the surveillance tapes it received from the Russian police and the Grand Hotel Europe.

5.   "Certificate" Written by Alex.

The Government has already provided both this document and a English translation of the document.

6.   Videotapes Seized From Defendant's Home and Luggage.

As Defendant previously requested and the Government agreed, the Government copied all of the videotapes and provided copies to Defendant. These tapes contain homemade videos that may be used as evidence in Defendant's trial and, therefore, the Government is not required to return the original tapes at this time. In fact, defense counsel even implicitly acknowledges the evidentiary value of these tapes because defense counsel attached portions of some of the tapes to Exhibit "U" of defense counsel's motion to suppress.

Accordingly, Defendant's Motion to Compel should be denied.

>Respectfully submitted,
>
>DAVID E. NAHMIAS
>UNITED STATES ATTORNEY
>
>AARON M. DANZIG
>ASSISTANT UNITED STATES ATTORNEY
>600 U.S. Courthouse
>75 Spring St., S.W.
>Atlanta, GA  30303
>(404)581-6012
>(404)581- 6181 (Fax)
>Georgia Bar No. 205151

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by causing to be deposited in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>Donald F. Samuel, Esq.
>W. Charles Lea, Esq.
>Garland, Samuel & Loeb, P.C.
>3151 Maple Drive, NE
>Atlanta, Georgia 30305

This 22nd day of March, 2005.

AARON M. DANZIG
ASSISTANT UNITED STATES ATTORNEY