ORIGINAL



FILED IN CLERK'S OFFICE
U.S. ...ta

APR 1 2 2005

LUTH... ...MAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:04-CR-249-CAP |
| GREGORY C. KAPORDELIS | : | |

### UNITED STATES' OBJECTION TO MODIFICATION OF BOND AND RENEWED MOTION FOR DETENTION

COMES NOW the United States of America, by David E. Nahmias, United States Attorney for the Northern District of Georgia, and Aaron M. Danzig, Assistant United States Attorney, and files this Objection to Modification of Bond and Renewed Motion for Detention as follows:

On April 12, 2004, Defendant GREGORY C. KAPORDELIS was arrested pursuant to a Criminal Complaint charging Defendant with violating 18 U.S.C. § 2423. Defendant was granted a $500,000 secured bond which included a restriction on communications with any person under the age of 18. [Doc. 7]

On May 4, 2004, a federal grand jury in the Northern District of Georgia returned an indictment against Defendant charging him with knowingly traveling in foreign commerce, for the purpose of engaging in illicit sexual conduct with a person under the age of

18 years, in violation of 18 U.S.C. § 2423(b), and traveling in foreign commerce and knowingly engaging in illicit sexual conduct with a person under the age of 18 years, in violation of 18 U.S.C. § 2423(c). [Doc. 14]

On June 22, 2004, the United States moved to revoke Defendant's bond due to his violations of the terms of the bond regarding contact with children. [Doc. 32] On July 14, 2004, the Court found that Defendant violated the terms of his bond. [Doc. 39] On July 27, 2004, the Court held a hearing on Defendant's motion for reconsideration of his bond. [Doc. 43] On August 12, 2004, the Court granted a bond to Defendant setting forth more restrictive terms of pretrial release. [Doc. 55] This Order, inter alia, placed Defendant on house arrest with electronic monitoring, no cell phones or computers in the house, one phone line with a trap and trace and pen register, no child erotica or pornography, no visitors except limited adult family members. [Doc. 55] The order further allowed Defendant's brother to live with him but required Defendant's brother to abide by the conditions of the order. [Doc. 55].

On October 21, 2004, defense counsel moved to modify the terms of bond to allow Defendant to have visitors to his house, to go on shopping trips, and to travel out of the state to visit family. [Doc. 66] The Court modified the conditions only to allow for a

minister to visit the house and denied the motion in all other respects. [Doc. 72]

On December 7, 2004, the federal grand jury returned a superseding indictment against Defendant, adding, inter alia, charges that Defendant used a minor to produce child pornography by means of a Sony camera, said camera having been transported in interstate or foreign commerce, in violation of 18 U.S.C. § 2251(a) (Count Six); that Defendant used a minor to produce child pornography and that those images produced by Defendant were transported from Greece to Georgia, in violation of 18 U.S.C. § 2251(a) (Count Seven); and that Defendant knowingly received child pornography which had been transported in interstate and foreign commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count Eight).

Defendant has recently sold his home and now seeks to live in the basement of a friend's house located at 4123 Oberon Drive, Smyrna, Georgia. It is the Government's understanding that Defendant's friend will let Defendant live in the basement but is not willing to comply with all the terms of the previous order releasing Defendant. More specifically, the friend will not remove all cell phones and computers from the home and will allow visitors to the house.

The Government contends that Defendant should be detained prior to trial and renews its motion to for detention on the

...

grounds previously argued to the Court. Additionally, should the Court allow Defendant to remain on bond, the Government objects to the loosening of any of the conditions of the August 12, 2004 Order providing for the terms of his release. As the Court noted in its November 18, 2004 Order denying Defendant's motion to modify the terms of his release, "[t]he defendant willfully violated the initial conditions of his pretrial release. But for the Court's finding that there were additional conditions of release with which the defendant could comply, the defendant would be in Marshal's custody." [Doc. 72] The Government contends that allowing Defendant to be in a house with visitors (including child visitors even if accompanied by adults), a computer and cell phone would be a danger to the community. Moreover, replacing Defendant's brother with a friend who agrees to house Defendant for a fee is not an appropriate custodian per 18 U.S.C. § 3142(c)(B)(i). Additionally, the friend's house is located in a swim/tennis community where a large number of children reside. Given the nature of the charges against Defendant, such a community is an inappropriate place for Defendant to reside on house arrest during the pendency of this prosecution.

4123 Oberon Drive is not a suitable location for Defendant's pretrial house arrest. Accordingly, if a suitable location is not identified by Defendant, the Government requests that Defendant be detained.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

AARON M. DANZIG
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6012
(404)581- 6181 (Fax)
Georgia Bar No. 205151

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by causing to be deposited in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

> Donald F. Samuel, Esq.
> W. Charles Lea, Esq.
> Garland, Samuel & Loeb, P.C.
> 3151 Maple Drive, NE
> Atlanta, Georgia 30305

This 12th day of April, 2005.

AARON M. DANZIG
ASSISTANT UNITED STATES ATTORNEY