IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

```
UNITED STATES OF AMERICA        :
                                :     CRIMINAL ACTION
            v.                  :
                                :     NO. 1:04-CR-249-CAP
GREGORY C. KAPORDELIS           :     (Second Superseding)
```

<u>UNITED STATES' RESPONSE TO DEFENDANT'S</u>
<u>SECOND MOTION FOR BILL OF PARTICULARS</u>

COMES NOW the United States of America, by David E. Nahmias, United States Attorney for the Northern District of Georgia, and Aaron M. Danzig, Assistant United States Attorney, and files this Response to Defendant's Second Motion for a Bill of Particulars as follows:

On May 4, 2004, a federal grand jury in the Northern District of Georgia returned an indictment against the defendant, GREGORY C. KAPORDELIS, in which it charged him with knowingly traveling in foreign commerce, for the purpose of engaging in illicit sexual conduct with a person under the age of 18 years, in violation of 18 U.S.C. § 2423(b) (Count One), and traveling in foreign commerce and knowingly engaging in illicit sexual conduct with a person under the age of 18 years, in violation of 18 U.S.C. § 2423(c) (Count Two).

On December 7, 2004, the grand jury returned a superseding indictment against Defendant, retaining the first charge but separating former Count Two into four separate counts of traveling

in foreign commerce and knowingly engaging in illicit sexual conduct with a person under the age of 18 years, in violation of 18 U.S.C. § 2423(c).  On August 16, 2005, a new grand jury returned a second superseding indictment against Defendant but did not change the first five counts of the superseding indictment.

Defendant now seeks information regarding the Government's legal theory underlying Count Four, which relates to Defendant's molestation of juvenile A.V.Z.  Specifically, Defendant seeks the basis for Defendant's "illicit sexual conduct" with juvenile A.V.Z. The Court ordered the Government to respond to Defendant's request.

At the time of Defendant's illegal acts, juvenile A.V.Z. was 17 years old.  As explained and identified in the previously produced discovery, Defendant engaged in illicit sexual conduct with juvenile A.V.Z. for any and all of the following reasons:

1.   This was a commercial sex act as Defendant gave juvenile A.V.Z. money after, and on account of, the molestation.

2.   This was a sexual act that would be in violation of chapter 109A if it occurred in the special maritime and territorial jurisdiction of the United States because Defendant used force against juvenile A.V.Z.; rendered juvenile A.V.Z. unconscious and then engaged in a sexual act with him; used a drug, intoxicant or other similar substance to impair the ability of juvenile A.V.Z. to appraise or control conduct and then engaged in a sexual act with him; and engaged in sexual conduct with juvenile A.V.Z. without the

juvenile's permission.


CONCLUSION

The Government respectfully submits that this response is a full and adequate response to defendant's second Motion for a Bill of Particulars.

This 12th day of September, 2005.


Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

*/s/ Aaron M. Danzig*

AARON M. DANZIG
ASSISTANT UNITED STATES ATTORNEY

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404)581-6012
(404)581- 6181 (Fax)
Georgia Bar No. 205151

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic deliver:

Donald F. Samuel

W. Charles Lea

Garland, Samuel & Loeb, P.C.

3151 Maple Drive, NE

Atlanta, Georgia 30305

This 12th day of September, 2005.

_____/s/ Aaron M. Danzig_____

AARON M. DANZIG
ASSISTANT UNITED STATES ATTORNEY