IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:04-CR-249-CAP |
| GREGORY C. KAPORDELIS | : | |

UNITED STATES' RESPONSE TO DEFENDANT'S
OBJECTIONS TO MAGISTRATE'S REPORT AND
RECOMMENDATION REGARDING DISCOVERY ISSUES

COMES NOW the United States of America, by David E. Nahmias, United States Attorney, and Aaron M. Danzig and Robert C. McBurney, Assistant United States Attorneys, and files a Response to Defendant's Objections to the Magistrate's Report and Recommendation Regarding Discovery Issues.

I.   Identity of Additional Russian Victims

Mindful of the practical difficulties the Defendant might encounter in investigating the allegations of overseas molestation, the Government initially agreed to an open-file discovery policy regarding the events in Russia, providing far in excess of what is required under Rule 16. During pretrial proceedings, the Defendant made repeated requests for additional non-Rule 16 information; whenever practicable, the Government complied.

The Government made clear, however, that open-file discovery was predicated on the Defendant's proper handling of such extra-Rule 16 materials. If the Government learned that the Defendant

was obstructing the investigation, intimidating witnesses or engaging in other improper conduct, then the Government would cease providing discovery outside the bounds of Rule 16.

In May of 2005, the Government learned that the Defendant's Russian investigator, Alexander Rodin, had been intimidating and harassing juvenile victims and obstructing the Government's investigation.[1] Evidence supporting these allegations, along with proof of other instances of intimidation of juveniles, were provided, *ex parte*, to Magistrate Brill.[2] Upon considering this evidence, she agreed that the reports Defendant now seeks did not have to be turned over to the defense. The Magistrate correctly noted that the information the Government provided "substantiates the government's fears that the juvenile witnesses may be intimidated if their identities are disclosed." (Magistrate's Report and Recommendation, Doc. 166, at p. 2). In reaching the conclusion that "the identity of [the Government's] additional

---

[1] Rodin's obstructive acts include improperly videotaping boys under Lapov's supervision, attempting to bribe and then blackmail Lapov to get Lapov to produce Defendant's child victims to Rodin to interview, lying to victims and their guardians in an effort to gain information favorable to Defendant, and intimidating child victims by attempting to interview them without a guardian present. See, e.g., July 5, 2005 Transcript, Doc. 135 at pp. 209-10; Doc. 133 at p. 8.

[2] Upon request, the Government will provide to the District Court the information it presented to the Magistrate.

juvenile witnesses should not be disclosed at this time," the Magistrate cited in particular a September 21, 2005, article run in a local St. Petersburg, Russia, newspaper.   In a brazenly obstructive move, Defendant had Rodin, his investigator, plant the piece in the local paper in an effort both to discredit the Russian investigation into the Defendant's pedophilic tear through that city and to intimidate other people, including juveniles, who might be witnesses against him.

From the outset of this case, the Government has provided far more discovery than required by law.   In exchange, the Defendant has used the information to harass and intimidate witnesses in Russia, including juvenile victims.   Faced with this misuse and abuse of materials voluntarily provided, the Magistrate correctly ruled that the identity of certain additional juvenile witnesses, as well as <u>Giglio</u> and <u>Jencks</u> material, need not be provided to the defense until three weeks before trial.

II.  <u>MLAT Request</u>

In addition to personal information about his juvenile victims, Defendant seeks any Mutual Legal Assistance Treaty ("MLAT") requests made to the Russian Federation as part of this case.  Defendant seeks to identify the relationship between the Government and their Russian counterparts, presumably to support his unfounded allegation that the Russians were acting as agents of

the American government.   The Magistrate correctly denied this
request without need to explain the obvious: the nature and
substance of an MLAT request is not discoverable under Rule 16,
Giglio, or Brady.[3]

III. <u>Defense Investigator Rodin Volunteered to Speak with American
     Agents.</u>

The Defendant spills much ink arguing that the Government
intimidated defense investigator Rodin by summonsing him to the
Russian prosecutor's office and threatening his job.   What the
Defendant conveniently neglects to mention is that Rodin himself
refused to speak with the Russian police but <u>volunteered</u> to speak
with the American agents.   <u>See</u> September 20, 2005 Hearing, Doc.
192, at pp. 21-22.   More importantly, the Magistrate found the
allegations surrounding Rodin's improper conduct credible; because
of the risk of intimidation to juvenile victims, the Magistrate
correctly ordered that disclosure of these victim's names should be
withheld until three weeks prior to trial.

The Defendant claims that the Court should hold a hearing on
Rodin's alleged misconduct.   It is incredulous that defense counsel

_____

[3] The Government remains puzzled by the Defendant's fixation
with these documents.   The mere fact that the American government
was required to request assistance through formal diplomatic
channels from the Russian government undercuts the Defendant's
claim of a close working partnership between the St. Petersburg
police and the American agents.

would argue that the Government is withholding from defense counsel information on the extent of defense counsel's own investigator's improper conduct.  Why doesn't defense counsel simply ask Rodin what he has been doing on Defendant's behalf?

The Defendant also claims that the Government did not begin making allegations against Rodin until the Defendant raised questions about the conduct of Andrei Lapov, the Russian social worker who provided assistance to the local authorities.  The chronology of events in St. Petersburg does not support the Defendant's view, as the allegations against Rodin arose prior to any claim against Lapov.[4]  While the undersigned prosecutors were in Russia, pursuant to an approved MLAT request, the Government learned that Rodin was trying to blackmail and threaten Lapov.[5]

IV.  Defendant's Requested Discovery Should Be Denied.

Based on Rodin's prior conduct, Magistrate Judge Brill correctly decided that, if identified, the remaining "anonymous" Russian juvenile victims were at risk of intimidation and

---

[4] Defense counsel points to a criminal allegation of sexual misconduct by Lapov, but acknowledges that that case was dismissed as being without merit.

[5] Evidently realizing that their initial "hotel extortion" defense was meritless, Defendant has shifted to accusing a Russian child advocate of being the true child molester.  Interestingly, these allegations against Mr. Lapov arose after defense investigator Rodin threatened Lapov and Lapov refused to assist Rodin in finding juvenile victims that Rodin could intimidate.

harassment at the hands of the Defendant's investigator. Magistrate Brill balanced the risk to the children with the Defendant's right to prepare for trial and correctly reasoned that three weeks' notice was a sufficient balance, especially since the children would be brought to the United States for that trial.

Accordingly, the Court should adopt Magistrate Brill's Final Report and Recommendation on discovery issues.


This 9th day of February, 2006.


                           Respectfully submitted,

                           DAVID E. NAHMIAS
                           UNITED STATES ATTORNEY

                               */s/ Aaron M. Danzig*

                           AARON M. DANZIG
                           ASSISTANT UNITED STATES ATTORNEY
                           Georgia Bar No. 205151

                               */s/ Robert C. McBurney*

                           ROBERT C. McBURNEY
                           ASSISTANT UNITED STATES ATTORNEY
                           Georgia Bar No. 481070
                           600 U.S. Courthouse
                           75 Spring St., S.W.
                           Atlanta, GA  30303
                           (404)581-6012
                           (404)581- 6181 (Fax)

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic delivery:

Donald F. Samuel, Esq.
W. Charles Lea, Esq.
Garland, Samuel & Loeb, P.C.
3151 Maple Drive, NE
Atlanta, Georgia 30305

This 9th day of February, 2006.

_/s/ Aaron M. Danzig_

AARON M. DANZIG
ASSISTANT UNITED STATES ATTORNEY

-7-