**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:04-CR-249** |
| | ) | |
| **GREGORY C. KAPORDELIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE
TO DEFENDANT'S OBJECTIONS TO THE REPORT
AND RECOMMENDATION OF THE MAGISTRATE**

The government's response (Doc. 194) to the Defendant's Objections

to the Report and Recommendation (Doc. 166) are illustrative of the

government's position with regard to many issues in this case:  the

government can do no wrong; the defendant can do no right.  Of course, the

record supports neither of these premises.

The simple issue in this case is whether the government will abide by

the most simple and fundamental precept of due process: providing to the

defendant notice of the charges he faces, that is, notice regarding the identity

of the supposed victims that are at the heart of certain counts of the

indictment.

1

The government, postulating the defendant's guilt, of course, suggests that the defense must already know the victims.  Moreover, the government suggests that the obstructive behavior perpetrated by the defense investigator in Russia somehow disentitles the defense to due process.

The government has not presented one iota of substantive evidence to support any of its contentions.  Rather, it has alleged that the defendant's investigator in Russia, Alexander Rodin, has bribed, intimidated, harassed and blackmailed witnesses, violated Russian law, and obstructed justice by agreeing to be interviewed by a Russian newspaper.  Virtually all of these allegations, the government contends, are contained in *ex parte* submissions to the Magistrate.  The defense has not been shown any evidence of any violation of Russian law, or of any bribery, blackmail, harassment, or intimidation of witnesses.

The presentation of information to a judge *ex parte* that results in a complete denial of due process is customary – in Russia.  This case, though, is supposed to be tried in an American court.  While the government has repeatedly relied on the fact that it is not responsible for what its Russian counterparts have done ("Don't blame us, we are just innocent bystanders"), when it comes to polluting the record in this case with false *and completely unsupported* allegations, (or allegations that the defense is told in a

patronizing way are supported in documents prepared by Russians – which are notoriously inaccurate – and presented to the judge behind closed doors), the government in this country can no longer play dumb.

The government's response to the defendant's objections to the R&R, moreover, contains undeniable inaccuracies.  For example, the government contends that defense allegations regarding Andrei Lapov's nefarious past arose *after* Rodin threatened Lapov (footnote 5).  This is ridiculous.  In fact, because the government hid the identity of Lapov for nearly a year after this case was indicted, it was not until Lapov was known to be involved in orchestrating the charges by the juveniles (and *after* it was learned that he had a history of sex abuse arrests) that Mr. Rodin first approached him.  The government also claims that any charge against Lapov was in fact dismissed as being without merit (footnote 4).  This contention has also been belied by recent information learned by the defense that the "dossier" relating to Lapov's prior criminal activity has conveniently been lost.  And as if to add insult to injury, the task of finding this missing file has been assigned to the law enforcement officers in Russia who were involved in the initial suppression of the charges against Lapov.

The defense requests are remarkably simple and straightforward:

1. Respond to the Bill of Particulars, and reveal the identity of the alleged victims in this case so that the defendant can prepare a defense and investigate the allegations. The suggestion that a three-week notice prior to trial will suffice is simply incredible. There is absolutely nothing that the defense can do in three weeks, in Russia, prior to trial. The defense investigator will already be in America preparing for trial by that point in time. The government might as well keep the witnesses' identities a secret and we will try this case under the auspices of the Russian Constitution, rather than a Constitution that contains Due Process and Confrontation Clauses.

2. The government should be ordered to immediately reveal to the defense all *ex parte* information previously provided to Magistrate Brill (or this court).

3. The government should be ordered to immediately furnish to the defense *all* information that it has, written, or oral, that relates to allegations of misconduct against Alexander Rodin. The reasons for this last request should be obvious: the defense is struggling to prepare the defense to this case "long distance." Defense counsel is not in Russia and cannot manage or direct the activities of the

4

investigation on a day-by-day basis.  In addition, counsel is not

familiar with particular Russian laws that govern the manner in which

defendants are entitled to prepare a defense (assuming that any

allowance for preparing a defense is permitted).  Therefore, counsel

has engaged the services of an extremely reputable person, Alexander

Rodin, to do whatever he can lawfully do to investigate the charges,

interview witnesses, and develop a defense to the charges relating to

the activities that allegedly occurred in Russia.  If the American

government contends that Rodin's activities are illegal, he runs the

risk (more than just theoretical) of being prosecuted in *this* country for

obstruction of justice.[1]  The risk exists, therefore, that all his efforts

will be for naught, because without some assurance from the

government that he is not a target, he may decline to come to this

country.   The defense needs to know immediately if the government

intends to pursue any charges against him.

4.  The government's allegations regarding Rodin, moreover, are not

limited to *ex parte* pleadings and presentations in this court.  The

government sent an MLAT request to the Russian government – and

again, refuses to share the contents with the defense – which resulted

---

[1] Conduct in another jurisdiction that obstructs an ongoing case in this district may be prosecuted in this district.

in Rodin being interrogated by Russians *and* American agents in Russia. The government will be quick to point out, no doubt, that Rodin agreed to be interrogated. Nevertheless, an investigator working for the defense should not be required to submit to the indignity of being ordered to come to the police station and answer questions. And the American agents should have known better than to attempt to elicit information from the defense investigator in a pending case. This court should immediately launch an inquiry into this episode, require full disclosure to the defense of the MLAT request, as well as the circumstances surrounding the interrogation of the defense investigator.

5. Produce unredacted reports of the interviews that have previously been furnished in a redacted forma (specifically, juveniles "A" and "P")

6. Order that all *Brady* and *Giglio* information, as well as all Rule 404(b) evidence be provided to the defense at a meaningful time – like now – so that the information is not provided when it is simply too late to evaluate and confront.

7.  Provide a forum for the expeditious resolution of these issues.  No

    matter when the court sets this matter down for oral argument, it will

    not be soon enough.

                            Respectfully submitted,

                            GARLAND, SAMUEL & LOEB, P.C.


                            _____
                            DONALD F. SAMUEL
                            Ga. State Bar #624475

3151 Maple Drive, NE
Atlanta, Georgia  30305
404-262-2225
Fax 404-365-5041
dfs@gsllaw.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

UNITED STATES OF AMERICA  )
                 )
    **v.**             )     **CASE NO. 1:04-CR-249**
                 )
**GREGORY C. KAPORDELIS,**  )
                 )
    **Defendant.**     )

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of March, 2006, I have served a true copy of the within and foregoing *Defendant's Reply to Government's Response To Defendant's Objections To The Report And Recommendation Of The Magistrate* upon Aaron Danzig, Assistant United States Attorney, via electronic filing.

DONALD F. SAMUEL
Ga. State Bar 624475

8