IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:04-CR-249-CAP |
| GREGORY KAPORDELIS | : | |

## NOTICE OF THE GOVERNMENT'S INTENTION
## TO INTRODUCE EVIDENCE PURSUANT TO 404(b)

TO COUNSEL AND DEFENDANT:

Notice is hereby given of the United States' intention to introduce "other crimes" evidence, pursuant to Rule 404(b) of the Federal Rules of Evidence, upon the trial of the above-captioned case. More specifically, the Government will seek to introduce evidence of the following acts:

1.      <u>Defendant's repeated molestation of a juvenile male family member</u>. The Government has evidence that, in a manner consistent with his treatment of several of the victims named in the indictment, Defendant repeatedly drugged and molested a family member when this individual was a minor child. Additionally, Defendant instructed this family member to remove incriminating videotapes of self-produced child pornography from Defendant's home to prevent their discovery by law enforcement.

2.     Defendant's overseas child sex tourism

A.   Stored on Defendant's computers were a series of documents regarding Defendant's trips to the Czech Republic to molest boys.  These documents catalog Defendant's "exploits" in Prague and also contain admissions by Defendant of his predatory behavior and his self-perceived justifications for engaging in such conduct.

B.   Defendant exchanged a series of e-mails with another doctor discussing traveling to Russia to meet boys and how to evade law enforcement when engaging in those acts.[1]

C.   Defendant traveled several times to the Czech Republic with various individuals who will testify that Defendant undertook these trips to engage in illegal sexual acts with juvenile boys, and in fact did so repeatedly during the trips, occasionally in their presence.  These individuals will also testify that (i) Defendant admitting to molesting juvenile boys in the United States, (ii) Defendant kept a video collection of both acquired and self-produced child pornography, (iii) Defendant was nearly caught by Customs agents upon returning from one of his overseas journeys, and, (iv) Defendant also traveled to South Africa in order to have sex with boys.

---

[1] Should the Court bifurcates the trial so that the "American" counts (Counts 6-9) are presented to a jury first, the Government would not seek to introduce evidence related to Russia in this phase of the prosecution.

3.     <u>Defendant's receipt and possession of child pornography</u>.  Defendant's computers are rife with information demonstrating that Defendant regularly executed on-line computer searches for images of child pornography and information about man-boy rape and downloaded thousands of images and videos of child pornography.

*   *   *

Documents relating to these incidents have been produced in discovery or have otherwise been made available for inspection by defense counsel.

These incidents are similar (and, in some instances, identical) to various material aspects of the case before the Court and bear on the Defendant's motive, intent, preparation, plan and knowledge, as well as absence of mistake or accident. Therefore, pursuant to Rule 404(b) of the Federal Rules of Evidence, the Government respectfully asks this Court to admit evidence of the matters described above during the trial of the above-captioned case.

The Government contends that the aforementioned evidence of Defendant's molestation of others, his sex tourism, and his collection of child pornography is inextricably intertwined with the evidence of Defendant's guilt in this case and thus can be admitted irrespective of any 404(b) analysis.  In particular, Defendant's e-mails about traveling to Russia to meet boys and avoid law enforcement detection constitute direct evidence of Defendant's violation of 18 U.S.C. § 2423, while Defendant's

statements to various witnesses about molesting boys in the United States and possessing child pornography constitute direct evidence of Defendant's violations of 18 U.S.C. §§ 2251 and 2252A.   However, as a precautionary measure, the Government has provided this 404(b) notice.

The Government will be filing an accompanying brief in support of this notice, along with a request for an expedited ruling on the matter, so that the Government can begin considering a more streamlined approach to the upcoming trial of this case.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

*/s/ Aaron M. Danzig*

AARON M. DANZIG
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 205151

*/s/ Robert C.I. McBurney*

ROBERT C.I. McBURNEY
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 481070
75 Spring Street, S.W. , Suite 600
Atlanta, Georgia 30303
V: 404-581-6000
F: 404-581-6181

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic delivery:

Don Samuel, Esq.

Undersigned counsel also certifies that this motion has been prepared in Times New Roman 14 point font, in compliance with L.R. 5.1B N.D.Ga.

This 18th day of April, 2006.

_____/s/ Robert C.I. McBurney_____
ROBERT C.I. McBURNEY
ASSISTANT UNITED STATES ATTORNEY