IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                                                  ) | CASE NO. 1:04CR249-CAP |
| ) | |
| GREGORY C. KAPORDELIS,    ) | |
| ) | |
| Defendant.                              ) | |

**SUPPLEMENT TO
MOTION TO DISMISS
INDICTMENT BASED ON
GOVERNMENTAL MISCONDUCT
AND THE DENIAL OF DUE PROCESS**

In the Motion to Dismiss that was previously filed (Doc. 205 ), the defendant complained, *inter alia*, about the government's improper withholding of *Brady* information (p. 66), as well as misrepresentations made to the court during proceedings both in the Magistrate Court and the District Court (p. 87).

In discovery that was recently provided to the defendant, significant additional incidents of this misconduct have been revealed. In particular, the disclosure of the report of interview of Dr. Rommel Bryant reveals that the government misled the Magistrate and this Court about this witness, as well as his relationship with Dr. Kapordelis.

1

In July of 2005, the prosecution relied on certain emails that were seized from Dr. Kapordelis (or from his AOL account), that evinced a dialogue that Dr. Kapordelis was allegedly having with Dr. R. Bryant. When these emails were first brought to the attention of the Magstrate and the defense, the prosecution offered copies of the emails in evidence. The Magistrate rejected the evidence as being irrelevant to any issue then pending before the court.

Later, the government attached copies of the emails to a pleading that was filed with the Magistrate (Doc. # 133 p. 6, n.1), in an effort to convince the Magistrate that (1) Dr. Kapordelis had had discussions with Dr. Bryant about engaging in illegal sexual relations with minors in Russia; (2) Dr. Kapordelis had cautioned Dr. Bryant about how to avoid detection, or arrest, in connection with such activities in Russia. This pleading was filed exactly two weeks after the government had interviewed Dr. Bryant in California.

The government later filed copies of the same emails as an exhibit to pleadings filed in this Court, this time alleging that Dr. Kapordelis was communicating "with a pedophile" (referring to Dr. Bryant). (Doc. #196, p. 9, n. 5), and re-alleging that Dr. Kapordelis was advising Dr. Bryant how to molest children in Russia.

Each time the government filed copies of these emails, the point was clear: the government was alleging that Dr. Bryant was a pedophile and Dr. Kapordelis was encouraging him to engage in such conduct, and explaining how to do so, in Russia.

On April 18, 2006, the government revealed for the first time that it had actually interviewed Dr. Bryant and that this interview occurred on July 5, 2005, prior to the time that any representations were made about Dr. Bryant to the courts.

What the interview reveals is that Dr. Bryant is *not* a pedophile and the government *knew* that he was not a pedophile at the same time that the government was alleging that he was.  In addition, the government *knew* when it produced the emails to the Court that the term "boys" in the emails did not refer to juveniles, or underage males, at all.  Dr. Bryant had been specifically asked about this in his interview and he had explicitly told the interviewing agents that "boys" in his lexicon simply referred to adult male sexual partners.  Dr. Bryant is a respected emergency room physician in California; he is not suspected of being involved in any criminal activity; and his computer was searched, with his consent, when the agents went to interview him on July 5, 2005.  There was no evidence that he was a

pedophile or had committed any crime. All of this information was hidden from – if not simply misrepresented to – the Magistrate and this Court.

The fact that the government had documented interview reports of an interview with Dr. Bryant in July of 2005 and that this report was not furnished to the defense until April of 2006 is not, in and of itself, particularly significant. The report arguably does not constitute *Brady* information, in and of itself. Nor does the Jencks Act require production of such reports prior to trial.

But what is unconscionable is the fact that the government intentionally misrepresented to this court and to Magistrate Brill the nature of the relationship between Dr. Bryant and Dr. Kapordelis; the meaning of the emails between the two men; and the outrageous claim that Dr. Bryant was a "pedophile" when the government then knew, but did not disclose to the defense or the court, that it was not true.

If this failure to disclose information was an isolated event, it would still be inexcusable, in light of the misleading statements that the government made to the court about the information that it knew in order to succeed in its effort to prevail in the Motion to Suppress. In conjunction with the other acts of misconduct documented in the Motion to Dismiss, the defendant suggests that there is simply no rational fact-finder who could

conclude that the government's behavior in this case can be characterized as fair, straightforward, or honest.  Indeed, the failure to comply with *Brady* and the intentional effort to mislead the courts cannot be characterized as simple negligence, or recklessness.  The appropriate remedy in this case is dismissal of the indictment.

        Respectfully submitted,

        GARLAND, SAMUEL & LOEB, P.C.

        _____
        DONALD F. SAMUEL
        Ga. State Bar #624475

3151 Maple Drive, NE
Atlanta, Georgia  30305
404-262-2225
Fax 404-365-5041
dfs@gsllaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 1:04CR249** |
| | ) | |
| **GREGORY C. KAPORDELIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of a *Supplement to Motion to Dismiss Indictment Based on Governmental Misconduct and the Denial of Due Process* upon the following by electronic filing:

Aaron Danzig
Robert McBurney
Assistant United States Attorneys

This 21st day of April, 2006.

DONALD F. SAMUEL
Ga. State Bar #624475

6