IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 1:04-CR-249-CAP |
| GREGORY KAPORDELIS : | |

**GOVERNMENT'S NOTICE AND MOTION TO INTRODUCE EVIDENCE OF DEFENDANT'S PRIOR ACTS OF MOLESTATION AND POSSESSION OF CHILD PORNOGRAPHY PURSUANT TO FRE 413 AND 414**

Comes now the United States of America, by and through its counsel, David E. Nahmias, United States Attorney for the Northern District of Georgia, and Aaron M. Danzig and Robert C. McBurney, Assistant United States Attorneys, and files its Notice and Motion to Introduce Evidence of Defendant's Prior Acts of Molestation and Possession of Child Pornography Pursuant to FRE 413 and 414 as follows:

INTRODUCTION

On April 18, 2006, the Government filed a 404(b) notice. (Doc 209). The 404(b) notice alerted Defendant that the Government intends to introduce at trial evidence of other bad acts committed by Defendant. This "other crimes" evidence demonstrates Defendant's "motive, intent, preparation, plan and knowledge, as well as absence of mistake or accident." (Id. at 3). Much of the proposed 404(b) evidence would be presented in the form of testimony from a series of witnesses who are aware

of and/or have witnessed Defendant's past commissions of sexual assault, child molestation, and possession and production of child pornography. Additionally, evidence would be presented of other child pornography on Defendant's computers, and documents on Defendant's computers where Defendant admits to molesting boys.

The Government believes that this evidence is direct evidence and/or 404(b) evidence, as argued in the Government's Response to Defendant's Motion to Exclude Evidence. Alternatively, it is admissible under FRE 413 and 414, as set forth below.

## ARGUMENT

In September 1994, Congress amended the Federal Rules of Evidence, adding Rules 413, 414 and 415 as part of the Violent Crime Control and Law Enforcement Act of 1994 (Pub. L. 103-322, 108 Stat. 1796, 2135-37). The purpose of these new provisions was to establish general rules of admissibility for "other crimes" evidence in sex offense cases. Rule 413 applies to prosecution of offenses involving sexual assault generally, whereas Rule 414 applies specifically to child molestation prosecutions; Rule 415 applies in civil suits premised on sexual offenses.

Pursuant to Federal Rule of Evidence 413:

(a) In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense. . . of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant. . . .

>   (d) For purposes of this rule. . . "offense of sexual assault" means a crime under Federal law or the law of a State (as defined in section 513 of title 18, United States Code) that involved–
>
>   >   (1) any conduct proscribed by chapter 109A of title 18, United States Code;
>   >
>   >   (2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person;
>   >
>   >   (3) contact, without consent, between the genitals or anus of the defendant and any part of another person's body.

Fed. R. Evid. 413.

>   Pursuant to Federal Rule of Evidence 414:
>
>   (a) In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant. . . .
>
>   (d) For purposes of this rule. . . "offense of child molestation" means a crime under Federal law or the law of a State (as defined in section 513 of title 18, United States Code) that involved–
>
>   >   (2) any conduct proscribed by chapter 110 of title 18, United States Code; . . .

Fed. R. Evid. 414.

When Congress enacted Rules 413 and 414, it excepted cases involving sexual assault from Rule 404(b)'s prohibition of propensity evidence, expressing a "strong

legislative judgment" that evidence of prior sexual crimes "should ordinarily be admissible" in such cases. United States v. Tyndall, 263 F.3d 848, 850 (8th Cir. 2001). See also United States v. Guardia, 135 F.3d 1326, 1329 (10th Cir. 1998).

Under Rules 413 and 414, evidence of other offenses that involve sexual assaults may be admitted and considered "for its bearing on any matter to which it is relevant," which includes a defendant's propensity to commit the charged crime, as well as the non-character purposes allowed under Rule 404(b). Congress' reasons for adopting this reform included specific grounds for broadly allowing evidence of this type in offenses that involve sexual assault and child molestation:

> The new rules will supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b). In contrast to Rule 404(b)'s general prohibition of evidence of character or propensity, the new rules for sex offense cases authorize admission and consideration of evidence of an uncharged offense for its bearing "on any matter to which it is relevant." *This includes the defendant's propensity to commit sexual assault or child molestation offenses. . . .*
>
> *In child molestation cases, for example, a history of similar acts tends to be exceptionally probative* because it shows an unusual disposition of the defendant – a sexual or sadosexual interest in children – that simply does not exist in ordinary people. . . .
>
> The practical effect of the new rules is to put evidence of uncharged offenses in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule. *The presumption is in favor of admission.* The underlying legislative judgment is that the evidence admissible pursuant to the proposed rules is typically relevant and probative, and that *its probative value is normally not outweighed by any risk of prejudice or*

> *other adverse effects. . . .*
>
> In line with this judgment, the rules do not impose arbitrary or artificial restrictions on the admissibility of evidence. Evidence of offenses for which the defendant has not previously been prosecuted or convicted will be admissible, as well as evidence of prior convictions. *No time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding very substantial lapses of time in relation to the charged offense or offenses.*

140 Cong. Rec. H8991 (1994) (remarks of Rep. Molinari) (emphasis added); see 137 Cong. Rec. S3238-40 (1991) (statement of Senate sponsors), contained in the Historical Notes to Rule 413.

Unlike Rule 404, Rules 413 and 414 are narrowly focused on the introduction of a very specific set of other crimes, i.e., sex crimes. Rules 413 and 414 also differ from Rule 404 in that they permit the Government to use this other crimes evidence in a much broader fashion, to include the ability to argue propensity. This evidence can include uncharged conduct and must be shown only by a preponderance of the evidence. See Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 150-55 (3d Cir. 2002).

As required by subsection (b) of both FRE 413 and 414, the Government has provided defense with a summary of the relevant testimony to be offered at least 15 days before the scheduled date of trial. FRE 413(b), 414(b). The evidence to be offered is the same evidence that was presented in the Government's 404(b) notice, namely (a) documents from Defendant's computer indicating that Defendant

-5-

committed acts of sexual assault and child molestation in the Czech Republic; (b) victim testimony that Defendant repeatedly molested a then-juvenile male family member; (c) Defendant's admissions to various witnesses that Defendant previously molested young boys; (d) Defendant's possession of child pornography, including child pornography he manufactured when molesting and sodomizing young boys; (e) Defendant's presentation of his homemade child pornography to various witnesses; and (f) Defendant's admission that he was almost caught in possession of child pornography by Customs agents.

### A.    The Evidence Is Admissible Under Rule 413.

The evidence cited above is admissible under Rule 413 because Defendant is accused of a crime of sexual assault; that is, he, without consent, made child pornography of two teenage boys. The images constituting these assaults graphically demonstrate that Defendant had non-consensual contact with the genitals and anus of these boys. See FRE 413(d)(2). The prior offenses are similar in nature and include sexual contact with a then-juvenile male family member and admissions to various witnesses that Defendant molested young boys, including making child pornographic videos of his sexual assaults of these boys. This is precisely the type of evidence contemplated by Congress when it enacted FRE 413, and so it should be found admissible under that Rule. See, e.g., United States v. Julian, 427 F.3d 471 (7th Cir.

2005).

      B.    <u>The Evidence Is Also Admissible Under Rule 414.</u>

The evidence cited above also is admissible under Rule 414 because Defendant is accused of crimes of child molestation. According to Rule 414(d)(2), crimes of child molestation include any conduct proscribed by chapter 110 of Title 18, United States Code. Chapter 110 includes 18 U.S.C. § 2251, the charged offense in counts 6, 7, and 9 of the Indictment related to Defendant's production of child pornography, and 18 U.S.C. § 2252A, the charged offense in count 8 of the Indictment related to Defendant's possession of child pornography. Defendant's prior offenses are similar in nature and include admissions that Defendant molested young boys and made child pornography of his sexual predations, that Defendant possessed child pornography (including homemade child pornography), and that Defendant was nearly caught with child pornography by Customs agents. These uncharged offenses are likewise proscribed by Chapter 110 of Title 18 of the United States Code, and thus are admissible per FRE 414. See <u>United States v. Meacham</u>, 115 F.3d 1488 (10th Cir. 1997) (evidence that defendant molested his step-daughters 30 years ago admitted where defendant charged with interstate transportation of minor with intent for minor to engage in sexual activity); <u>United States v. Larson</u>, 112 F.3d 600 (2d Cir. 1997) (uncharged molestations from 16-20 years prior to trial admissible under FRE 414).

### C.    Rule 403 Favors Admission of Evidence of Defendant's Past Offenses.

Although Rules 413 and 414 override Rule 404's general prohibition against evidence of character or propensity, they do not supersede other general standards of admissibility established by the Federal Rules of Evidence.  Thus, a district court's authority under FRE 403 to exclude evidence based on a determination that its probative value is substantially outweighed by a likelihood of prejudice remains applicable. See 140 Cong. Rec. H8991 (1994); 140 Cong. Rec. S12990 (1994); David J. Karp, Evidence of Propensity and Probability in Sex Offense Cases and Other Cases, 70 Chi.-Kent L. Rev. 15, 19 (1994).

Under Rules 413 and 414, however, the practical operation of Rule 403 balancing is different because Rules 413 and 414 do not restrict the purposes for which evidence within its scope can be admitted.  Because showing propensity is a legitimate theory of relevance under Rules 413 and 414, the tendency of evidence within the scope of these Rules to show a defendant's disposition for committing crimes involving sexual assaults falls on the "probative value" side of the Rule 403 balance and weighs in favor of admission – not exclusion.  The effect is that admission is the norm, and exclusion exceptional, as with other forms of relevant evidence that the Federal Rules of Evidence do not specifically restrict.  See Meacham, 115 F.3d at 1492 (10th Cir. 1997) (Rule 403 balancing still applicable, but

under Rule 414 "the courts are to 'liberally' admit evidence of prior uncharged sex offenses"); United States. v. Drewry, 365 F.3d 957, 959 (10th Cir. 2004) (Rule 413 is rule of general admissibility; trial courts must admit evidence of other bad acts of sexual assault liberally), vacated on Booker grounds, 543 U.S. 1102 (2005); United States v. Enjady, 134 F.3d 1427, 1431, 1433 (10th Cir. 1998) (admonishing that Rule 403 should be used rarely, reflecting legislative judgment that evidence normally should be admitted and allowing evidence of prior alleged rape under Rule 413); United States v. Mound, 149 F.3d 799, 802 (8th Cir. 1998) (applying underlying legislative judgment that probative value of Rule 413 evidence "is normally not outweighed by any risk of prejudice or other adverse effects"); United States v. LeCompte, 131 F.3d 767, 760-70 (8th Cir. 1997) (FRE 403 balancing should be done with eye to "the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.").

For example, in United States v. Gabe, the Eighth Circuit affirmed the admission of 20 year old uncharged conduct stating:

> [The] testimony is prejudicial to [Defendant] for the same reason it is probative – it tends to prove his propensity to molest young children in his family when presented with an opportunity to do so undetected. Because propensity evidence is admissible under Rule 414, this is not unfair prejudice. Moreover, because the evidence of prior abuse was so similar to one of the acts charged, it would not be so facially inflammatory as to unduly divert attention from the issues of the case.

<u>Gabe</u>, 237 F.3d at 960 (emphasis in original; citations omitted). In this case, Defendant's acts of molestation against his then-juvenile family member are quite similar to his charged offenses in Counts 6, 7, and 9 of the Indictment: Defendant drugged his victims, molested them, and recorded the crime with video or pictures. Accordingly, the probative value of the evidence of Defendant's past acts of child molestation, sexual assault, manufacture of child pornography and possession of child pornography outweigh any prejudice that might possibly result. Furthermore, both the legislative history and the unambiguous language of the Rule establish that these sexual assault offenses are precisely the type of evidence Congress intended federal courts to admit under Rules 413 and 414.

## CONCLUSION

The witness statements and summary of expected testimony show that Defendant previously committed acts of sexual assault and child molestation. In this case, Defendant is charged with acts of sexual assault and child molestation. Accordingly, the Government submits that, pursuant to FRE 413 and 414, such evidence should be admitted at trial.

>Respectfully submitted,
>
>DAVID E. NAHMIAS
>UNITED STATES ATTORNEY
>
>*/s/ Aaron M. Danzig*
>
>AARON M. DANZIG
>ASSISTANT UNITED STATES ATTORNEY
>Georgia Bar No. 205151
>
>*/s/ Robert C. McBurney*
>
>ROBERT C. McBURNEY
>ASSISTANT UNITED STATES ATTORNEY
>
>Georgia Bar No. 481070
>600 United States Courthouse
>75 Spring Street, S.W.
>Atlanta, Georgia 30303
>V: 404-581-6000
>F: 404-581-6181

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic delivery:

    Don Samuel, Esq.

Undersigned counsel also certifies that this motion has been prepared in Times New Roman 14 point font, in compliance with L.R. 5.1B N.D.Ga.

This 3rd day of May, 2006.

                                */s/ Aaron M. Danzig*
                                AARON M. DANZIG
                                ASSISTANT UNITED STATES ATTORNEY