# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v.   ) <br> ) <br> GREGORY C. KAPORDELIS,  ) <br> ) <br> Defendant.   ) | CASE NO. 1:04CR249 |

### DEFENDANT GREG KAPORDELIS' RENEWED REQUEST FOR RECONSIDERATION OF THE ORDER DETAINING HIM PRIOR TO TRIAL

Defendant Greg Kapordelis urges the court to reconsider the decision to revoke his bond.[1]

The delay in the defendant's trial, from June until later this year may have been the result of the defendant's request. But it was the government's decision to seek a superseding indictment (yet to be returned) – initially predicted for May 9, then May 16, now for some undetermined date in the

---

[1] The court has never actually entered an Order revoking the defendant's release pending trial. At no time has the court made written findings of fact. The court simply ordered that the defendant's bond be revoked following a hearing several months ago, but no written order was ever filed. The defendant's initial Motion To Reconsider was summarily denied earlier this month, without any findings.

1

future – and the late disclosure of Rule 404(b) evidence that put the defendant in the untenable position of not being ready for trial at the scheduled time.

Thus, while the defendant may have requested more time, this reflects the government's last minute efforts, not any dilatory behavior on the part of the defense.

The court's decision to revoke the defendant's bond was based, in the court's words, on a violation of "the spirit" of the conditions of release. While a "spiritual" violation may support a temporary "learn your lesson" detention, the defendant has now been in custody for four months and trial is still several months in the future. If the defendant had obstructed justice, or failed to abide by a curfew, or even been found to have violated "the letter" of his conditions of release, a final order of revocation might be appropriate.

But a violation of the "spirit" of the conditions of his release is not a basis upon which to detain the defendant for nine or ten months prior to trial.

In addition, the detention of the defendant has significantly hampered the ability of the defense to prepare for trial. The defendant's ability to review the computer evidence that forms the basis of four counts of the indictment is limited by the capacity of the U.S. Marshal. The current arrangement requires that an attorney be present at all times during which

the defendant reviews the computer evidence. If counsel is required to attend a court appearance, the defendant is immediately ordered back to the lock-up and his examination of the evidence is terminated. The defendant is handcuffed to a chair at all times during which he reviews the evidence.

With regard to evidence that is not contraband, the facilities at the Union City jail simply are unworkable. Again, the present arrangement requires that counsel be physically present whenever the defendant reviews any evidence obtained from a computer. There are 29,000 emails on the defendant's computers. In order to review these emails, an attorney must be present with the defendant in the jail. There are also 20,000 personal non-contraband photographs on the defendant's computer that must be reviewed for evidentiary purposes. And if, as the government predicts, the superseding indictment will allege the possession of thousands of illegal pictures on several different computers, the time needed to review the evidence will increase exponentially.

If the defendant were to be released – under strict conditions, such as GPS – he could review the non-contraband evidence by himself, in his home. His ability to review the computer "contraband" evidence would only necessitate one ICE agent, rather than a full compliment of US Marshals and two full-time ICE agents guarding the door.

For the foregoing reasons, the defendant again urges the court to reconsider the decision to revoke his bond and to permit him to be released under conditions that will assure his presence in court.

This 22nd day of May, 2006.

Respectfully submitted,

GARLAND, SAMUEL & LOEB, P.C.

_____
DONALD F. SAMUEL
Ga. State Bar #624475

3151 Maple Drive, NE
Atlanta, Georgia  30305
404-262-2225
Fax 404-365-5041
dfs@gsllaw.com

4

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.        ) | **CASE NO. 1:04CR249** |
| ) | |
| **GREGORY C. KAPORDELIS,**  ) | |
| ) | |
| **Defendant.**    ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Defendant Greg Kapordelis' Renewed Request for Reconsideration of the Order Detaining Him Prior to Trial* upon Aaron Danzig and Robert McBurney, Assistant United States Attorneys by electronic mailing.

This 22nd day of May, 2006.

_____
DONALD F. SAMUEL