IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:04-CR-249-CAP |
| GREGORY C. KAPORDELIS | : | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S RENEWED MOTION TO RECONSIDER BOND

COMES NOW the UNITED STATES OF AMERICA, through its counsel David E. Nahmias, United States Attorney, and Aaron M. Danzig and Robert C. McBurney, Assistant United States Attorneys, and files this response to Defendant's Renewed Motion to Reconsider Bond.

Defendant Kapordelis, a serial molester of juvenile boys, has twice willfully violated the terms of his pretrial release. In July 2004, after his first violation for contacting juvenile boys, he was placed on home confinement. That only deterred him for a period of time, however, because in January 2006, his bond was revoked after he traveled to a town where one of his juvenile boy victims lives. Since January 2006, he has been in jail.

Defendant now moves for reconsideration of his bond because he claims that the four month continuance of his trial date was the government's fault and because he claims difficulties in reviewing the evidence in this case. Neither purported rationale is even accurate, but, assuming their veracity, Defendant is still a danger

to the community and should not be released.

Additionally, the Court should deny Defendant's renewed motion for reconsideration based on Local Rule 7.2E: "Motions for Reconsideration should not be filed as a matter of routine practice.... Parties and the attorneys for parties shall not file motions to reconsider the court's denial of a prior motion for reconsideration."  On May 1, 2006, this Court denied Defendant's motion for reconsideration of bond. [Doc 227] Thus, Defendant's renewed motion for reconsideration is improper and should be denied.

I.   Trial Continuance

In a filing dated April 11, 2006, less than two months before the original June 5 trial date, defense counsel wrote:

> The defendant will be prepared for trial on June 5.  It is anticipated by the defense that a hearing on the Motion to Suppress and Motion to Dismiss will precede the trial.  The defense understands through informal discussions with the government, that the government *may* move for a continuance.  The defendant objects.

[Doc 206-4-5].  On May 5, 2006, defense counsel then claimed that he would be ineffective if forced to proceed on June 5, 2006, notwithstanding his earlier claim that he would be ready.  Based on the defense's request, the trial was continued from June 5, 2006.  Moreover, the Government, in informal discussions with defense counsel, recommended an August 1, 2006 trial date.  However, the

<u>defense</u> declined and requested a trial in October 2006.  Thus, the delay in bringing Defendant to justice is based on defense requests.  As such, and because Defendant is a danger to the community and perhaps an increased risk of flight as trial nears, Defendant should not be released from jail.

Defendant claims that the trial delay is due to the Government's filing of a 404(b) Notice seven weeks before trial.  However, even if the Government provided late 404(b) Notice, defense counsel was aware of the 404(b) evidence related to Defendant's acts of child rape in the Czech Republic since at least June 30, 2004.  On June 30, 2004, the Government produced documents from Defendant's own computer related to his illicit acts in the Czech Republic.  Moreover, on August 9, 2004 during a pretrial conference, the Government informed the defense that there could be Czech witnesses and again referenced the documents found on Defendant's computer.  On November 12, 2004 during another pretrial conference, the defense was again made aware of Czech witnesses.  On April 22, 2005, the defense was provided with a witness report related to Defendant's molestation of a family member and a witness report related to Defendant's travels to the Czech Republic and acts of molestation and production of child pornography in the United States.  In light of this time line, defense counsel's claimed ignorance of 404(b) issues rings hollow.

II.  Defense Analysis of Evidence

Defendant's second purported reason for seeking pretrial release is that "the detention of the defendant has significantly hampered the ability of the defense to prepare for trial." [Doc 240-2]. Before even addressing the absurdity of this argument, it is important to note that defendant himself, and no one else, is to blame for his current incarceration. Defendant twice willfully violated the terms of his pretrial release. In fact, even the "draconian" home confinement terms, by Defendant's description, did not hamper his ability to violate the terms of his bond.

Defendant claims that his ability to review computer evidence is limited by the U.S. Marshals in that Defendant, and his attorney, must review the evidence in a secure room at the U.S. Attorney's Office. Because Defendant is such a threat and a risk to society, the Government willingly undertakes this obligation and has arranged for Defendant to be transferred to ICE custody when Defendant seeks to view the evidence on the computer with his attorney and computer expert.

More fundamentally, however, Defendant had 22 months to view all of the evidence in this case while he was still on bond. In fact, while he claims that the facilities at the Union City jail "are simply unworkable" for him to review the thousands of e-mails in this case, one must remember that he has had possession of all

of these e-mails for months and months prior to the revocation of his bond. Additionally, Defendant has had access to and viewed on many occasions the contraband band images since he was arrested in April 2004. As for the 20,000 non-contraband photos Defendant claims he has to review, copies of most were produced, at Defendant's request, on April 26, 2005.

III. Conclusion

Defendant has presented no valid reason for his release from custody pending the trial of this case, and the Government respectfully urges this Court not to reconsider its revocation of Defendant's bond.

This 5th day of June, 2006.

        Respectfully submitted,

        DAVID E. NAHMIAS
        UNITED STATES ATTORNEY

           /s/ *Aaron M. Danzig*

        AARON M. DANZIG
        ASSISTANT U.S. ATTORNEY

           /s/ *Robert C. McBurney*

        ROBERT C. McBURNEY
        ASSISTANT U.S. ATTORNEY
        Georgia Bar No. 481070

        75 Spring Street, Suite 600
        Atlanta, Georgia 30303
        (404) 581-6012
        Ga. Bar No. 205151

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the people listed below a copy of the foregoing document by electronic delivery:

        Donald F. Samuel, Esq.
        W. Charles Lea, Esq.
        Garland, Samuel, Loeb & Lea, P.C.
        3151 Maple Drive, NE
        Atlanta, Georgia 30305

This 5th day of June, 2006.

                                */s/ Aaron M. Danzig*
                                AARON M. DANZIG
                                ASSISTANT UNITED STATES ATTORNEY