IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 1:04-CR-249-CAP |
| GREGORY C. KAPORDELIS | : | |

**GOVERNMENT'S MOTION IN LIMINE TO
EXCLUDE INADMISSIBLE EVIDENCE
FROM THE DEPOSITION OF EVA RACANSKA**

The United States of America, through its counsel, David E. Nahmias, United States Attorney for the Northern District of Georgia, Aaron M. Danzig and Robert C. McBurney, Assistant United States Attorneys, files this motion *in limine* to exclude inadmissible evidence from the deposition of Eva Racanska.

**ARGUMENT AND LEGAL AUTHORITY**

On January 4-5, 2007, a trial deposition was held for Eva Racanska. During the deposition, Dr. Racanska testified that she knew Defendant, traveled with Defendant, dined with Defendant in the Czech Republic, and visited Defendant at various residences of Defendant. The defense also presented scores of pictures from these events. As explained more fully in the Government's Motion *in Limine* to Exclude the Improper Use of Character Evidence by Defendant (Doc 412), much of Dr.

Racanska's testimony simply shows that Defendant was generous with friends and relatives, a fact that is neither disputed nor germane to anything at issue at trial.

While presenting a handful of pictures showing Defendant and Dr. Racanska boating in the Aegean or cooking a meal with others in Defendant's mountain hideaway may be permissible to place Dr. Racanska's relationship with Defendant in context, the excessive use of such pictures constitutes an improper attempt "to portray [the defendant] as a good character through the use of prior 'good acts.'" See U.S. v. Camejo, 929 F.2d 610, 613 (11th Cir. 1991); see also United States v. Hill, 40 F.3d 164 (7th Cir. 1994) (evidence of defendant's prior good acts are properly excluded); United States v. Beverly, 913 F.2d 337, 353 (7th Cir. 1990).  Accordingly, such evidence should be excluded.

During Dr. Racanska's deposition, the Government did not object to the introduction of photographs depicting people using Defendant's computers or to images from the two trips (Myrtle Beach and Greece) that are relevant to several of the child pornography production counts in the Indictment.  The Government did, however, object to the following testimony and exhibits from Dr. Racanska's deposition:

| OBJECTION BEGINS | OBJECTION ENDS | INCLUDES EXHIBITS |
|---|---|---|
| **Volume I** | | |
| P-33, L-18[1] | P-34, L-1 | |
| P-47, L-17 | P-49, L-13 | Ex. 111-124 |
| P-50, L-3 | P-52, L-25 | |
| P-55, L-19 | P-56, L-4 | |
| P-57, L-5 | P-58, L-5 | Ex. 129-132 |
| P-60, L-1 | P-60, L-13 | |
| P-61, L-19 | P-63, L-17 | Ex. 133-137 |
| P-64, L-6 | P-71, L-19 | Ex. 125-142 |
| P-72, L-15 | P-73, L-1 | |
| P-87, L-23 | P-90, L-4 | Ex. 211-213, 214-216 |
| P-90, L-13 (Def. withdrew these questions) | P-91, L-20 | Ex. 217-228 |
| P-91, L-21 | P-92, L-8 | Ex. 229-237 |
| P-93, L-18 | P-93, L-25 | Ex. 310-315 |
| P-94, L-12 | P-95, L-20 | Ex. 250-263 |
| P-96, L-10 | P-97, L-5 | |
| P-97, L-6 | P-101, L-14 | Ex. 238-249 |
| P-106, L-13 | P-106, L-25 | Ex. 265-290 |
| P-109, L-11 | P-111, L7 | Ex. 316-320 |
| P-111, L-8 | P-113, L-16 | Ex. 300-309 |

---

[1] P = Page, L = Line, so that "P-33, L-18" represents page 33, line 18.

| **OBJECTION BEGINS** | **OBJECTION ENDS** | **INCLUDES EXHIBITS** |
|---|---|---|
| P-132, L-3 | P-132, L-16 | |
| P-137, L-22 | P-140, L-12 | Ex. 291-299 |
| P-140, L-13 (Russia) | P-222, L-14 | Ex. 13-41 |
| P-313-22 (Russia) | P-314-4 | Ex. 400-403 |
| P-324, L-6 (Russia cross) | P-341, L-22 | |
| | | |
| **Volume II** | | |
| P-4, L-22 (Russia) | P-6, L-15 | |
| P-10, L-4 | P-12, L-12 | |
| P-17, L-16 | P-21, L-7 | |
| P-37, L-15 | P-38, L-13 | |

The deposition transcript excerpts and exhibits identified above all relate to either now-irrelevant Russian aspects of the case or irrelevant and improper character evidence (or both). While the Government did not object to the showing of a few pictures to establish that Dr. Racanska knew and traveled with Defendant, the excessive photos of Defendant socializing with various people is being used in this case as improper character evidence and is irrelevant to the charged offenses or any proper defense thereto.

## CONCLUSION

The Government respectfully requests that its motion be granted and that the

parts of Eva Racanska's deposition and related exhibits, identified above, be excluded from evidence at trial.

This 29th day of April, 2007.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

/s/ Aaron M. Danzig

AARON M. DANZIG
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 205151

/s/ Robert C. McBurney

ROBERT C. McBURNEY
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 481070

600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
(404) 581-6000
(404)581-6181 (Fax)

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by electronic delivery:

> Donald F. Samuel, Esq.
> Garland, Samuel & Loeb, P.C.
> 3151 Maple Drive, NE
> Atlanta, Georgia 30305

This 29th day of April, 2007.

 */s/ Aaron M. Danzig*
AARON M. DANZIG
ASSISTANT UNITED STATES ATTORNEY