# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                            Case No. 1:04-CR-249-CAP

**GREGORY C. KAPORDELIS**

                                                    Defendant's Attorney:
                                                    Donald Samuel

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant was found guilty by jury on Count(s) 1ssss-3ssss, 5ssss-7ssss of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 2251(a) | Sexual Exploitation of a Minor | 1ssss - 3ssss |
| 18 USC § 2252A(a)(2)(A) | Receipt of Child Pornography | 5ssss - 6ssss |
| 18 USC § 2252(a)(5)(B) | Possession of Child Pornography | 7ssss |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All remaining Count(s) dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$ 500.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    1130        Date of Imposition of Sentence: September 18, 2007
Defendant's Date of Birth:      1961
Defendant's Mailing Address:
Georgia

Signed this the    19th    Day of September, 2007.

                                                                      /s/Charles A.. Pannell, Jr.
                                                                      CHARLES A. PANNELL, JR.
                                                                      UNITED STATES DISTRICT JUDGE

1:04-CR-249-CAP : GREGORY C. KAPORDELIS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 240 months as to Count 1, 240 months as to Count 2, 240 months as to Count 3 to run concurrent with each other. 180 months on Count 5, 180 months on Count 6 to run concurrent with each other and consecutive to Counts 1, 2 & 3.  120 months on Count 7 to run concurrent with Counts 5 & 6 for a total sentence of incarceration of 420 months or 35 years.

**The defendant is remanded to the custody of the United States Marshal.**

## RETURN

**I have executed this judgment as follows:**

_____

_____

_____

_____

**Defendant delivered on** _____ **to** _____

 **at** _____**, with a certified copy of this judgment.**

_____
**UNITED STATES MARSHAL**

**By:**_____
**Deputy U.S. Marshal**

**1:04-CR-249-CAP : GREGORY C. KAPORDELIS**

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of** 3 years as to each of Counts 1, 2, & 3 to run concurrent with other, 3 years on Counts 5 & 6 to run concurrent with each other and consecutive to Counts 1, 2 & 3 and 3 years on Count 7 to run concurrent for a total term of supervised release of 6 years.

**While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:**

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The defendant shall submit to one **drug urinalysis** within 15 days after being placed on supervision and at least two periodic test thereafter.

Pursuant to 42 U.S.C. § 14135A(d) and 10 U.S.C. 1565(d), which requires mandatory **DNA testing** for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The defendant shall make a full and complete **disclosure of finances** and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall pay any **financial penalty** that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release at the monthly rate of at least $150, or 25% of gross income in excess of $2,000 per month.

The defendant **shall not incur new credit charges** or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant **shall not own, possess or have under his control any firearm**, dangerous weapon or other destructive device.

The defendant shall submit to a **search** of her person, property, (real or personal, or rental) residence, office, and/or vehicle(s) at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall participate in the **mental health aftercare** program including a psychosexual evaluation and counseling if deemed necessary and comply with the conditions of the sex offender contract under the guidance and supervision of the U.S. Probation Officer. If able, the defendant shall be required to contribute to the cost of services for such treatment.

The defendant shall **permit confiscation** and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

1:04-CR-249-CAP : GREGORY C. KAPORDELIS

## STANDARD CONDITIONS OF SUPERVISION

**While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:**

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

1:04-CR-249-CAP : GREGORY C. KAPORDELIS

**FINE**

The defendant shall pay a fine of $ 20,000.00 as to Count 5.  This fine includes any costs of incarceration and supervision.

This fine (plus any interest required) shall be paid immediately.

The defendant shall make fine payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the fine that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $150, or 25% of gross income in excess of $2,000 per month.