IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| GREGORY C. KAPORDELIS, ) | |
| ) | |
| Movant ) | |
| ) | Case No.: _____ JAMES [signature] |
| v. ) | |
| ) | Supplemental Brief |
| UNITED STATES OF AMERICA, ) | 18 U.S.C. § 2255 |
| ) | |
| Respondent. ) | |

### MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE
### PURSUANT TO 18 U.S.C. § 2255
#### Supplemental Motion

Where Movant, Gregory C. Kapordelis, pro se, filed yesterday his § 2255 Motion to Vacate, Set-Aside or Correct his Sentence, he now submits this short addendum to include GROUND-22 for relief, said Ground having been inadvertently left out of the original brief.

This added Ground is timely filed, given that it has been presented to Marion Prison officials for mailing on January 25, 2011, i.e., on the one-year anniversary of the Supreme Court's denial of Movant's Petition for Writ of Certiorari on January 25, 2010.

As with most of the Grounds submitted in Movant's original brief, this additional ground presents a constitutional issue that is also tied to a claim of ineffective assistance of counsel. Specifically, Ground 22 alleges wrongful conviction with regard to Count-6 of the Fourth Superseding Indictment (receipt of child pornography on a laptop computer) because of the government's failure to establish venue by a preponderance of the evidence, and ineffecive assistance of counsel where Movant's appellate attorney failed to present the issue to the Eleventh Circuit.

**GROUND-22: The Conviction As To Count-6 Was Unlawful Because The Government Failed To Establish Venue Proving That Child Pornography Was Received In The Northern District Of Georgia As Required By The Sixth Amendment.**

A. <u>Statement of Facts</u>:

1. Count-6 alleged that "on or about April 6, 2002, and on or about December 23, 2002, in the Northern District of Georgia, the defendant, GREGORY C. KAPORDELIS, using a Sony Vaio laptop computer connected to the Internet, knowingly received child pornography..."

2. During trial, however, no evidence was adduced that Movant had received any images over the Internet onto that laptop <u>while in the</u> Northern District of Georgia. To be clear, there was no testimony or circumstantial evidence demonstrating that Movant or Movant's computer were in the Northern District of Georgia on December 23, 2002, which was the only date where any illicit images were shown to have been placed onto the laptop in question.

3. Instead of circumstantial or direct evidence to prove venue, the government relied on mere speculation to suggest that Movant and his computer must have been in the Northern District of Georgia because there was no evidence that he was anywhere else:

   A. The government proved that Movant flew into the airport in Atlanta on December 22, 2002.

   B. The government proved that Movant flew out of the aiport in Atlanta on December 26, 2002.

   C. The government proved that Movant held a Christmas party for his collegues and friends, and assumed that this party must have been held on or about December 23, 2002 when the images were received on the laptop.

4. Here are the flaws in the government's evidence that should have resulted in a directed verdict of acquittal, as requested by Movant's

trial attorney:

    A. Movant may have flown into Atlanta on December 22, 2002, but there was no evidence presented to prove that he didn't leave Atlanta and head to Florida until his departure for South Africa on December 26, 2002. Again, it was the government's burden to prove that Movant <u>and</u> <u>his</u> <u>computer</u> were in the Northern District of Georgia on December 23rd, not that he was in the Northern District a few days before and a few days after.

    B. There was no evidence presented at trial to indicate that Movant's laptop computer was with him when he arrived in Atlanta or departed from Atlanta, much less that it was with him in the Northern District of Georgia on December 23, 2002.

    C. To prove that the illicit images were received in the Northern District of Georgia on December 23, 2002, the government could have presented witness testimony that Movant was in Georgia on the 23rd, or it could have proved that the images were downloaded to an I.P. Address assigned to a physical location in the Northern District of Georgia, but it did neither. Consequently, there was no evidence presented at trial to prove that the images were not received in another state or another country.

    D. Unlike celebrations of birthdays and New Year's Eve, celebrations for the Christmas holidays are held from the beginning of December and throughout the month, but they rarely take place very close to Christmas day itself. The Christmas party Movant hosted at his home was a Surgery Center oriented party, and involved the staff and doctors who worked at the Surgery Center. It was far more likely than not that this celebration would have taken place one or two-weeks prior to Christmas day, not two-days before.

it would have established that the event occurred on or about December 11, 2002, not on or about December 23, 2002. The government is not permitted to manufacture evidence by avoiding the actual evidence which would readily disprove the speculation.

4. Movant's attorney moved for a directed verdict of acquittal as to Count-6 on the basis that the government did not meet its burden of establishing venue by a preponderance of the evidence. The trial court overruled Movant's attorney's motion and presented the issue of venue to the jury. The trial judge abused his discretion because he relied on mere speculation rather than evidence (direct or circumstantial)

5. Movant's appellate attorney (i.e., the same attorney representing Movant at trial) failed to enumerate an appellate error which sought relief for the government's failure to prove venue. Movant was prejudiced by this failure because Count-6 would have not resulted in a conviction had it been vacated on appeal, as it should have been.

B. Appeal of Ground-22:

1. Movant's appellate counsel did not enumerate this lower court error on appeal. As such, Movant was prejudiced by this ineffective assistance of counsel because it resulted in a conviction that should have been vacated, rather than affirmed.

2. It is unclear whether the Appellate Court's refusal to allow for an expanded brief was an external impediment that forced Mr. Samuel to be ineffective. Mr. Samuel clearly informed the Court that he wanted to present an issue as to "whether the government adequately proved that any of the child pornography was 'received' via the Internet." [Motion to Exceed Page Limit, page 4, bullet 10].

C. <u>Additional Evidence To Support This Ground</u>:

1. In its closing, the government essentially admits that it cannot provide any evidence proving venue:

> <u>Mr. McBurney</u>: [T]he defendant was in Myrtle Beach from the 20th [of December] to the 22nd, and he went to South Africa on the 26th with Honza. It was on the 23rd he is in Gainesville. No evidence to the contrary. There is no evidence before you that he was anywhere but in his Gainesville home, Christmas holiday. In fact, there has been testimony that Eva Racanska was there for the Christmas holiday. And it was on the 23rd that the broken screen laptop, it wasn't broken yet, downloaded child pornography. It's an inconvenient truth for the defendant. All of these maybe I was in a car trip, this or that, there is no evidence before you that defendant was anywhere but at his house, which means that his laptop would be there as well."

<u>Comments about this excerpt</u>:

A. AUSA McBurney is discussing Count-6, which concerns the Sony Viao laptop, but there was no evidence that this laptop was in Georgia even if Movant was there.

B. AUSA McBurney suggests that there is evidence proving that Movant is in Gainesville, Georgia because there is no evidence that he is anywhere else. This does not prove a burden of preponderance that Movant is in Georgia or that Movant is in Georgia with his laptop.

C. Dr. Racanska came to America for the Christmas party, but she left the country well before December 23, 2002 so that she could spend Christmas with her family.

D. Movant and Honza left for South Africa not from Atlanta, but from Tampa International Airport. Movant was in Tampa spending the Christmas holiday with his extended family, who accompanied him to South Africa on December 26th.

E. In Sum, the government failed to meet its burden of proving by a preponderance that Movant was in the Northern District of Georgia with the laptop when images were received on that laptop.

Movant submits this 22nd Ground in his § 2255 Motion under penalty of perjury,

This 24th day of January, 2011,

*[signature]*

Gregory C. Kapordelis, Pro Se
Fed I.D. #63122-053
Marion U.S. Penitentiary
P.O. Box 1000
Marion, Illinois 62959


## CERTIFICATION OF PRISON MAILBOX RULES

Movant, Gregory C. Kapordelis, hereby affirms that he has submitted this supplement to his 18 U.S.C. § 2255 Motion to Marion Prison Authorities on January 25, 2011, first-class postage prepaid, for delivery to the District Court, Northern District of Georgia, 75 Spring Street, S.E. 30303. This affirmation is presented under penalty of perjury, per 28 U.S.C. § 1746.

Signed, this 25th Day of January, 2011,

*[signature]*

Gregory C. Kapordelis, Pro Se