| | |
|---|---|
| **GREGORY C. KAPORDELIS,**<br>**Movant** | **CRIMINAL ACTION**<br>**1:04-CR-249-CAP-GGB** |
| **v.** | **CIVIL ACTION**<br>**1:11-CV-280-CAP-GGB** |
| **UNITED STATES OF AMERICA,**<br>**Respondent** | **MOTION TO VACATE**<br>**28 U.S.C. § 2255** |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, Gregory C. Kapordelis ("Kapordelis") has a Motion to Vacate, Set Aside
or Correct Sentence under 28 U.S.C. § 2255 that is pending in this court. (Doc. 536).
For the reasons discussed below, I recommend that this motion be **DENIED**.

## I. BACKGROUND

Kapordelis was convicted of six counts, which charged production of child
pornography (three counts); receipt of child pornography (two counts); and possession
of child pornography (one count). Kapordelis was sentenced to 420 months in prison
and a $20,000 fine. On September 21, 2007, he appealed to the United States Court of
Appeals for the Eleventh Circuit.

Kapordelis filed a motion in the Eleventh Circuit seeking leave to file a brief of up to 25,000 words. The Court of Appeals denied that motion, limiting Kapordelis to the standard 14,000 word count. Kapordelis subsequently filed a 14,000 word brief enumerating the following issues:

1. Whether the Trial Court Erred in Denying Appellant's Motion to Suppress, Which Set Forth a <u>Franks v. Delaware</u> Claim That Demonstrated Pervasive Misrepresentations, Omissions, and Distortions in the Search Warrant Affidavit.

2. Whether the Trial Court Erred in Denying Appellant's Motion to Suppress, in Light of the Absence of Any Probable Cause to Establish That Any Contraband, or Evidence of a Crime Would Be Found in the Location of the Search.

3. Whether the Trial Court Erred in Holding That the "Border Search" or "Search Incident to Arrest" Doctrines Authorized the Search of Appellant's Computer That Was Seized at JFK, but Searched a Month Later, in Atlanta.

4. Whether the Misconduct of the Government in the Acquisition and Execution of the Search Warrants Violated Appellant's Right to Due Process.

5. Whether the Trial Court Erred in Denying Appellant's Motion to Dismiss the Indictment Because Count One Did Not Allege an Offense That Occurred in the United States and Neither Count One, Nor Count Three Alleged Venue Properly in the Northern District of Georgia.

6. Whether the Trial Court Erred in Imposing Sentence in this Case in Light of Various Procedural as Well as Substantive Violations, Including the Failure to Provide an Adequate Factual Basis for Any Departures and the Legal Impermissibility of Certain Departure Rationales.

7. Whether the Trial Court Erred in Permitting the Government to Introduce Rule 404(b) Evidence Relating to Appellant's Legal Sexual Conduct in Prague That Had No Legal Relationship to the Charged Offenses.

The Court of Appeals affirmed Kapordelis's conviction and sentence. <u>United States v. Kapordelis</u> 569 F.3d 1291(11th Cir. 2009). The Court of Appeals denied Kapordelis's Petition for Rehearing and Petition for Rehearing En Banc. <u>United States v. Kapordelis</u>, 349 F. App'x 534 (11th Cir. 2009). The Supreme Court denied certiorari. <u>Kapordelis v. United States</u>, 130 S. Ct. 1315 (Jan 25, 2010).

## II.    **GROUNDS FOR KAPORDELIS'S § 2255 PETITION**

The grounds set forth by Kapordelis in his § 2255 petition are as follows:

**GROUND-01:** Petitioner Was Denied An Impartial And Fundamentally Fair Appellate Review In Violation Of Due Process Accorded By The Fifth Amendment And Movant's Confrontation Rights Provided By The Sixth Amendment.

**GROUND-02:** The Conviction Was Obtained As A Result Of An Unconstitutional Search And Seizure, In Violation of The Fourth Amendment. This Issue Is Ripe For Consideration Under The Habeas Corpus Statute Because Movant Was Denied A Full And Fair Hearing Below And A Meaningful Appellate Review, In Violation Of Due Process And Confrontation Rights.

**GROUND-03:** The Conviction Resulted From Evidence Obtained In An Unlawful Search. Suppression of The Evidence Obtained As A Result Of The April 12, 2004 Search Of Movant's Home Was Necessary As A Matter of Due Process Accorded By The Fifth Amendment To The Constitution.

3

**GROUND-04:** The Conviction As To Count-7 Resulted From An Unconstitutional Search. The Search of Movant's Laptop Computer, One-Month After It Was Seized By ICE Agents In New York, Was Not A Valid Border Search, Search Incident To Arrest, Or Search Based On A Warrant, And Violated Movant's Fourth Amendment Rights.

**GROUND-05:** The Conviction Was Unlawful, As It Was Obtained Through Deliberate Efforts To Overwhelmingly Prejudice The Jury To The Point Where Movant's Sixth Amendment Rights To An Impartial Jury And To Confront The Evidence Were Violated - Where 404(b) Evidence Demonstrated That Movant Engaged In Legal Sexual Activity With Persons Under The Age of Eighteen But Over The Age Of Legal Consent, The Court Refused to Provide A Cautionary Instruction Which Included The Law Concerning Age of Consent, And Then Presented a False Instruction That The Age For Consent for Sexual Activity Was Eighteen, When it Was Sixteen in Georgia And Fifteen in Prague.

**GROUND-06:** The Conviction Was Unlawful Because The Targeted Search For Child Pornography Was Based On Evidence That A Legal Image Was Produced. To Allow Legal Images To Generate Probable Cause To Search For Evidence Of Illegal Images Violated The First Amendment. This Ground Concerns The Search For Evidence Of Legal Travel Conduct As Well.

**GROUND-07:** The Conviction Was Obtained As A Result Of Prosecutorial Misconduct, In Violation Of Movant's Fifth Amendment Right To Due Process Of Law And Sixth Amendment Right To An Impartial Jury And Confrontation Of Evidence.

**GROUND-08:** The Conviction Was Unlawful Because The Trial Court Suppressed Key Witness Testimony In Violation Of The Compulsory Clause Of The Sixth Amendment And Due Process Of Law.

**GROUND-09:** Petitioner's Sentence Violated His Eighth Amendment Right To Be Free From Cruel And Unusual Punishment, As Well As Fifth Amendment Right To Due Process Of Law Because It Was Predominantly

4

Based On The Fact That He Engaged In Private, Legal, Homosexual Sexual Conduct In Prague, The Czech Republic Three Years Prior To Arrest.

**GROUND-10:** Movant's Conviction And Sentence Were Unlawful Because He Was Denied Permission To Present An Expanded Brief On Appeal To Address The Numerous Constitutional, Procedural, Legal, And Factual Error That Plagued The Pretrial, Trial, And Sentencing Periods. This Denial Violated Movant's Right To Due Process (Fifth Amendment) And His Right To Confront The Evidence Against Him.

**GROUND-11:** The Use Of Deno Contos's Trial Testimony As Grounds For Enhancing Movant's Prison Sentence Was A Violation Of Movant's Due Process Rights (Fifth Amendment) And His Right To Confrontation (Sixth Amendment).

**GROUND-12:** The Sentencing Court's Failure To Consider Any Of Movant's Mitigating Factors For A Reduced Sentence Violated His Fifth Amendment Right To Due Process.

**GROUND-13:** The Sentence Was Unlawful, And Was Obtained In Violation Of Due Process, Where All Procedural And Constitutional Errors Were Ignored On Appeal Based On A False Premise That The Judge Would Have Issued a Maximum Sentence No Matter What, And Based On A False Conclusion That The Statutory Sentencing Factors Were Properly Applied.

**GROUND-14:** The Sentence Is Unlawful Because It Was Based On Procedurally Or Constitutionally Toxic Applications Of The Statutory Sentencing Factors, Constituting An Abuse Of Discretion And Due Process.

**GROUND-15:** The Conviction As To Count-7 Was Unlawful, Because This Count Was Deemed Multiplicitous With Counts 5 And 6 And Resulted In A Violation Of Movant's Fifth Amendment Right To Be Free From Double Jeopardy.

**GROUND-16:** Movant's Conviction And Sentence Were Obtained On The Basis Of Ineffective Assistance Of Counsel At Trial, At Sentencing, And On Appeal, In Violation Of The Sixth Amendment, Singularly Or Cumulatively.

**GROUND-17:** Conviction And Sentence Are Unlawful And Resulted From Cumulative Due Process Violations In Violation Of The Fifth Amendment, And From Retaliation In Violation Of The First Amendment.

**GROUND-18:** Conviction And Sentence Resulted From A Fundamentally Unfair Trial And Hearing Orchestrated By A District Court Judge Who Was Anything But Impartial, And Who Advocated For The Government And Was Overwhelmingly Biased Against Movant To The Extent That Due Process Was Violated And Recusal/Change Of Venue Are Required For Habeas Corpus Review. 28 USC §§ 455(a) / 455(b) Inform.

**GROUND-19:** The Conviction Was Obtained As A Result Of An OVERBROAD Search Warrant, In Violation Of The Fourth Amendment's Warrants Clause. In Short, The Warrant Provided No Probable Cause To Search Particularly For Evidence Of Child Pornography Crimes Or "Sex Tourism," Where There Was No Probable Cause To Believe That Either Crime Ever Took Place.

**GROUND-20:** The Conviction Was Unlawful Because It Was Based On A Search Warrant That Was Not Supported By Probable Cause According To Supreme Court And Fourth Amendment Jurisprudence. The Appellate Court's Decision To Deny Movant The Benefit Of Precedential Cause Law Violated Movant's Due Process Rights And His Right To Confront The Evidence Against Him.

**GROUND-21:** The Sentence Was Unlawful Because It Included A Fine In The Amount Of $20,000.00 That Was Never Vetted At The Sentencing Hearing Prior To Assessment, And Which Was An Abuse Of Discretion Under The Circumstances Presented In The PSR.

# III.  **DISCUSSION**

Many of Kapordelis's grounds raise multiple claims that overlap with, or repeat, claims asserted in other grounds.  Citing these reasons in its response, the government culled from Kapordelis's motion what it believed were the twelve issues raised in the motion.  Kapordelis strongly objected to the government's reformulation of his claims.  While I believe that the government has fairly identified and responded to all of Kapordelis's issues, I will use the formulations of grounds as set forth by Kapordelis in his motion.

A.   Claims Raised on Direct Appeal May Not be Relitigated, And Claims Not Raised on Direct Appeal are Procedurally Defaulted unless the Petitioner  Demonstrates Cause and Prejudice.

1.  Applicable Law

Kapordelis cannot re-litigate in his § 2255 petition matters that were decided against him in his direct appeal.  E.g. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Thomas v. United States, 572 F.3d 1300, 1304 (11th Cir. 2009).

Furthermore, Kapordelis must advance an available challenge to his conviction on direct appeal, or else this Court must consider the challenge procedurally barred in a § 2255 proceeding.  Mills v. United States, 36 F.3d 1052, 1055-56 (11th Cir. 1994). "[Kapordelis] can avoid a procedural bar only by establishing one of the two exceptions

7

to the procedural default rule. Under the first exception, Kapordelis must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." <u>Lynn v. United States</u>, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998)). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" <u>Lynn</u>, 365 F.3d at 1234-35 (quoting <u>Mills</u>, 36 F.3d at 1055).

"[T]o show cause for procedural default, [Kapordelis] must show that some objective factor external to the defense prevented [Kapordelis] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [Kapordelis's] own conduct." <u>Id.</u> at 1235 (citing <u>Smith v. Jones</u>, 256 F.3d 1135, 1145 (11th Cir. 2001)).

"Actual prejudice" requires Kapordelis to show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." <u>Reece v. United States</u>, 119 F.3d 1462, 1467 (11th Cir. 1997)(citation omitted).

Alternatively, Kapordelis may still avoid the procedural bar by showing that the failure to address the alleged error would result in a fundamental miscarriage of justice, meaning that "the alleged error has probably resulted in the conviction of one who is actually innocent." Jones v. United States, 153 F.3d 1305, 1308 (11th Cir. 1998). "[A]ctual innocence means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. Accordingly, Kapordelis must establish that "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." Id.

### 2. Kapordelis has Shown No Exception to the Procedural Default Rule

Kapordelis has not shown any bases for excusing his procedural defaults. Although Kapordelis alleges ineffective assistance of counsel, as discussed below, his attorney's performance does not excuse his procedural defaults. Also, the 14,000 word limit imposed by the Court of Appeals on Kapordelis's appellate brief is not a factor that excuses a procedural default. Weeks v. Angelone, 176 F.3d 249, 271-72 (4th Cir. 1999); Mueller v. Angelone, 181 F.3d 557, 585 (4th Cir. 1999). He has also failed to show that he qualifies for the "actual innocence" exception to the general default rules.

### 3. Kapordelis's Grounds For Relief

**GROUND-01:** Petitioner Was Denied An Impartial And Fundamentally Fair Appellate Review In Violation Of Due Process Accorded By The Fifth

Amendment And Movant's Confrontation Rights Provided By The Sixth Amendment.

In this ground, Kapordelis asserts that (1) the Court of Appeals was improperly motivated to conceal the government's corrupt conduct during the investigation and prosecution; and (2) the Court of Appeals carried out its improper agenda by affirming the denial of Kapordelis's Motion to Suppress, ignoring and misrepresenting evidence, fabricating evidence, misapplying and misrepresenting the law, and misrepresenting Kapordelis's position on appeal.

Kapordelis presents no factual basis for his allegation that the Court of Appeals had an improper motive for ruling against him other than his lengthy arguments as to why the Court of Appeals was wrong. In essence, Kapordelis is attempting to relitigate the arguments that he presented (or could have presented) to the Court of Appeals on direct appeal. As set forth above, Kapordelis cannot re-litigate previously adjudicated claims in his § 2255 motion and is procedurally barred from raising issues in his § 2255 motion issues that could have been raised on direct appeal. Therefore, this ground should be dismissed.

> **GROUND-02:** The Conviction Was Obtained As A Result Of An Unconstitutional Search And Seizure, In Violation of The Fourth Amendment. This Issue Is Ripe For Consideration Under The Habeas Corpus Statute Because Movant Was Denied A Full And Fair Hearing

Below And A Meaningful Appellate Review, In Violation of Due Process And Confrontation Rights.

In this ground, Kapordelis reiterates his arguments as to why the courts incorrectly denied him a <u>Franks v. Delaware</u> hearing and incorrectly ruled on his Motion to Suppress Evidence. These issues were raised and addressed, or could have been raised, in Kapordelis's direct appeal and therefore are not a proper subject for his § 2255 petition. This ground should therefore be denied.

**GROUND-03:** The Conviction Resulted From Evidence Obtained In An Unlawful Search. Suppression of The Evidence Obtained As A Result Of The April 12, 2004 Search Of Movant's Home Was Necessary As A Matter of Due Process Accorded By The Fifth Amendment To The Constitution.

In this ground, Kapordelis reiterates his arguments as to why the courts incorrectly ruled on his Motion to Suppress Evidence. These issues were raised and addressed, or could have been raised, in Kapordelis's direct appeal and therefore are not a proper subject for his § 2255 petition. This ground should therefore be denied.

**GROUND-04:** The Conviction As To Count-7 Resulted From An Unconstitutional Search. The Search of Movant's Laptop Computer, One-Month After It Was Seized By ICE Agents In New York, Was Not A Valid Border Search, Search Incident To Arrest, Or Search Based On A Warrant, And Violated Movant's Fourth Amendment Rights.

In this ground, Kapordelis reiterates his arguments as to why the courts incorrectly ruled on his Motion to Suppress Evidence. These issues were raised and addressed, or

could have been raised, in Kapordelis's direct appeal[1] and therefore are not a proper

subject for his § 2255 petition. This ground should therefore be denied.

> **GROUND-05:** The Conviction Was Unlawful, As It Was Obtained
> Through Deliberate Efforts To Overwhelmingly Prejudice The Jury To The
> Point Where Movant's Sixth Amendment Rights To An Impartial Jury And
> To Confront The Evidence Were Violated - Where 404(b) Evidence
> Demonstrated That Movant Engaged In Legal Sexual Activity With Persons
> Under The Age of Eighteen But Over The Age Of Legal Consent, The
> Court Refused to Provide A Cautionary Instruction Which Included The
> Law Concerning Age of Consent, And Then Presented a False Instruction
> That The Age For Consent for Sexual Activity Was Eighteen, When it Was
> Sixteen in Georgia And Fifteen in Prague.

In this ground, Kapordelis makes arguments that were raised or could have been

raised in Kapordelis's direct appeal and therefore are not a proper subject for his § 2255

petition. This ground is an expanded version of the arguments made in his direct appeal

brief; it should therefore be denied.

> **GROUND-06:** The Conviction Was Unlawful Because The Targeted
> Search For Child Pornography Was Based On Evidence That A Legal
> Image Was Produced. To Allow Legal Images To Generate Probable Cause
> To Search For Evidence Of Illegal Images Violated The First Amendment.

---

[1]Kapordelis attempted to litigate the border search issue on appeal, but did so only
by referring to documents that he filed with the district court, an approach the Eleventh
Circuit rejected, deeming the issue to be waived. United States v. Kapordelis, 569 F.3d
at 1312. Arguably, then, this issue is not subject to the prohibition against re-litigating
previously adjudicated issues on collateral attack. However, it is procedurally barred
because Kapordelis could have raised it properly and completely in his direct appeal, but
did not do so.

This Ground Concerns The Search For Evidence Of Legal Travel Conduct As Well.

In this ground, Kapordelis reiterates his arguments as to why the courts incorrectly ruled on his Motion to Suppress Evidence. These issues were raised and addressed, or could have been raised, in Kapordelis's direct appeal and therefore are not a proper subject for his § 2255 petition. This ground should therefore be denied.

**GROUND-07:** The Conviction Was Obtained As A Result Of Prosecutorial Misconduct, In Violation Of Movant's Fifth Amendment Right To Due Process Of Law And Sixth Amendment Right To An Impartial Jury And Confrontation Of Evidence.

In this ground, Kapordelis alleges that the prosecutor committed misconduct for having "lied to the jury, by asserting that all sexual conduct that Movant engaged in while in Prague was illegal if it pertained to persons under the age of 18." According to Kapordelis, the prosecutor's verbatim statements were: "Dr . Kapordelis was free to have sex with someone over the age of 18 as much as he wanted, male or female . . . What he does with his free time that is legal isn't before you. It's not anything we are passing judgment on." (Doc. 536, Att. 8 at 2).

Kapordelis also alleges that the prosecutor committed misconduct by presenting false testimony by the computer forensic examiner at trial about the number of child pornography images found on the three computers seized from Kapordelis's home.

Kapordelis claims that the prosecutor's misconduct "prevent[ed] jurors from concluding that the illegal images of child pornography found on Movant's computers could have been placed there inadvertently." (Doc. 536, Att. 8 at 7). Kapordelis could have raised these (or any other) instances of alleged misconduct on direct appeal, but did not do so.

> **GROUND-08:** The Conviction Was Unlawful Because The Trial Court Suppressed Key Witness Testimony In Violation Of The Compulsory Clause Of The Sixth Amendment And Due Process Of Law.

In this ground, Kapordelis contends that the district court wrongly prevented him from cross-examining two government witnesses about events in Russia. At trial, Kapordelis sought, through examination of two federal agents, to explore certain events in Russia that formed the basis of part of the search warrant affidavit for Kapordelis's home.[2] The district court found the Russian events to be irrelevant to the issues before the jury and did not allow Kapordelis to examine either agent on these subjects.

Kapordelis had the opportunity to object to the district court's rulings on this matter in the Court of Appeals, but he did not do so. Accordingly, he is now barred from relying on these issues in his § 2255 petition.

> **GROUND-09:** Petitioner's Sentence Violated His Eighth Amendment Right To Be Free From Cruel And Unusual Punishment, As Well As Fifth

---

[2]Kapordelis was originally charged with sex tourism in Russia. These charges were later dropped.

Amendment Right To Due Process Of Law Because It Was Predominantly Based On The Fact That He Engaged In Private, Legal, Homosexual Sexual Conduct In Prague, Czech Republic Three Years Prior To Arrest.

On appeal, Kapordelis challenged the district court's choice of sentencing guidelines manual, its guidelines calculation, its imposition of the vulnerable victim enhancement, the victim impact statement supplied by one of his molestation victims, the district court's upward departure, and the ultimate reasonableness of his sentence. Kapordelis, 569 F.3d at 1298. The Eleventh Circuit considered each of these sentencing questions and affirmed the district court's sentence and sentencing decisions. Id. at 1314-19.

Although Kapordelis's current arguments in his § 2255 petition regarding his sentence are not identical to those raised in his direct appeal, he is nonetheless barred from raising them in this petition because he could have raised them on direct appeal. Therefore, this ground should be denied.

> **GROUND-10:** Movant's Conviction And Sentence Were Unlawful Because He Was Denied Permission To Present An Expanded Brief On Appeal To Address The Numerous Constitutional, Procedural, Legal, And Factual Error That Plagued The Pretrial, Trial, And Sentencing Periods. This Denial Violated Movant's Right To Due Process (Fifth Amendment) And His Right To Confront The Evidence Against Him.

Kapordelis was limited to a 14,000 word brief on direct appeal. He argues that the word limitation violated his constitutional rights. Because the Eleventh Circuit

denied Kapordelis's request to expand the word limit for his brief before the brief was filed, his objection to this ruling could have been raised in his direct appeal brief. Kapordelis's failure to do so bars him from raising it now in his § 2255 petition.

As previously discussed, to the extent that Kapordelis argues that the word limitation prohibited him from raising certain claims, the rules that limit the length of appellate briefs do not excuse a procedural default. See Weeks, 176 F.3d at 271-72; Mueller, 181 F.3d at 585. Furthermore, the Eleventh Circuit has held, in a death penalty case, that page limitations on an appellate brief were reasonable and did not undercut effective advocacy. "To the contrary, we see reasonable limitations of pages to be a help to good advocacy by directing busy lawyers to sharpen and to simplify their arguments in a way that - as experience has taught us - makes cases stronger, not weaker." United States v. Battle, 163 F.3d 1, 1 (11th Cir. 1998). For these reasons, this claim should be denied.

> **GROUND-11:** The Use Of Deno Contos's Trial Testimony As Grounds For Enhancing Movant's Prison Sentence Was A Violation Of Movant's Due Process Rights (Fifth Amendment) And His Right To Confrontation (Sixth Amendment).

As set forth with respect to Ground-9, Kapordelis raised on direct appeal several arguments relating to his sentencing. One of those arguments was that because the district court had stated that Deno Contos (Kapordelis's second cousin) was an

16

unreliable witness, the government should not have "peddled" Contos's allegations as if they were credible. (Appellant's Brf. at p. 14). Thus, the claim in Ground-11 is one that either was raised or could have been raised in Kapordelis's direct appeal. It should therefore be denied.

> **GROUND-12:** The Sentencing Court's Failure To Consider Any Of Movant's Mitigating Factors For A Reduced Sentence Violated His Fifth Amendment Right To Due Process.

Again, any arguments about Kapordelis's sentencing were raised or could have been raised on direct appeal. Therefore, this ground should be denied.

> **GROUND-13:** The Sentence Was Unlawful, And Was Obtained In Violation Of Due Process, Where All Procedural And Constitutional Errors Were Ignored On Appeal Based On A False Premise That The Judge Would Have Issued a Maximum Sentence No Matter What, And Based On A False Conclusion That The Statutory Sentencing Factors Were Properly Applied.

Again, any arguments about Kapordelis's sentencing were raised or could have been raised on direct appeal. Therefore, this ground should be denied.

> **GROUND-14:** The Sentence Is Unlawful Because It Was Based On Procedurally Or Constitutionally Toxic Applications Of The Statutory Sentencing Factors, Constituting An Abuse Of Discretion And Due Process.

Again, any arguments about Kapordelis's sentencing were raised or could have been raised on direct appeal. Therefore, this ground should be denied.

**GROUND-15:** The Conviction As To Count-7 Was Unlawful, Because This Count Was Deemed Multiplicitous With Counts 5 And 6 And Resulted In A Violation Of Movant's Fifth Amendment Right To Be Free From Double Jeopardy.

The district court ruled that Kapordelis's conviction for possession of child pornography (Count 7) was multiplicitous of the two counts of receiving child pornography. (Counts 5 and 6). (Doc. 517 at 198-99). Instead of vacating Count 7, the district court merged the sentence for Count 7 with the sentences for Counts 5 and 6. On appeal, Kapordelis argued that Count 7 should have been vacated, and the district court's failure to vacate this conviction resulted in the district court's use of the wrong Sentencing Guidelines manual and inflation of the applicable sentencing guideline range. (Appellant's Brief, p. 45). The Court of Appeals ruled that any error in the district court's choice of guidelines manual was harmless and did not result in the enhancement of Kapordelis's sentence. Kapordelis, 569 F.3d at 1314.

To the extent that this ground attempts to relitigate this argument, Kapordelis is precluded from doing so. To the extent Kapordelis raises a new, but related argument, i. e., that the district court's failure to vacate the conviction on Count 7 violated his

double jeopardy rights, that claim must also be dismissed because it could have been raised on direct appeal.[3]

**GROUND-17:** Conviction And Sentence Are Unlawful And Resulted From Cumulative Due Process Violations In Violation Of The Fifth Amendment, And From Retaliation In Violation Of The First Amendment.

Again, any arguments about Kapordelis's conviction and sentencing were raised or could have been raised on direct appeal. Therefore, this ground should be denied.

**GROUND-18:** Conviction And Sentence Resulted From A Fundamentally Unfair Trial And Hearing Orchestrated By A District Court Judge Who Was Anything But Impartial, And Who Advocated For The Government And Was Overwhelmingly Biased Against Movant To The Extent That Due Process Was Violated And Recusal/Change Of Venue Are Required For Habeas Corpus Review.

Again, any arguments about Kapordelis's conviction and sentencing were raised or could have been raised on direct appeal. Therefore, this ground should be denied.

**GROUND-19:** The Conviction Was Obtained As A Result Of An OVERBROAD Search Warrant, In Violation Of The Fourth Amendment's Warrants Clause. In Short, The Warrant Provided No Probable Cause To Search Particularly For Evidence Of Child Pornography Crimes Or "Sex Tourism," Where There Was No Probable Cause To Believe That Either Crime Ever Took Place.

---

[3]Also, the Court of Appeals' opinion shows that the district court's failure to vacate Count 7 was harmless.

Kapordelis explains that he does not contend that the search warrants for his home were not particular enough. Rather, he is arguing that the search warrants were not supported by probable cause. This issue was extensively litigated in the district court and on appeal. It may not be relitigated in this § 2255 petition.

> **GROUND-20:** The Conviction Was Unlawful Because It Was Based On A Search Warrant That Was Not Supported By Probable Cause According To Supreme Court And Fourth Amendment Jurisprudence. The Appellate Court's Decision To Deny Movant The Benefit Of Precedential Cause Law Violated Movant's Due Process Rights And His Right To Confront The Evidence Against Him.

Again, any arguments about probable cause for the search warrant may not be relitigated in this § 2255 petition.

> **GROUND-21:** The Sentence Was Unlawful Because It Included A Fine In The Amount Of $20,000.00 That Was Never Vetted At The Sentencing Hearing Prior To Assessment, And Which Was An Abuse Of Discretion Under The Circumstances Presented In The PSR.

Any argument about the fine imposed as part of Kapordelis's sentence could have been raised on appeal. Therefore, the claim is procedurally defaulted. Also, as discussed below at page 28, fines do not impose or increase custody and therefore, may not be the subject of a § 2255 petition.

B. Ineffective Assistance of Counsel Claims

    1. Applicable Law

Ineffective assistance of counsel claims in a § 2255 petition are not procedurally barred. Massaro v. United States, 538 U.S. 500, 507 (2003); Lynn v. United States, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004).

The Supreme Court precedent applicable to ineffective assistance of counsel claims was set forth in Strickland v. Washington, 466 U.S. 668, 698 (1984). To make a successful claim of ineffective assistance of counsel, a petitioner must show that: (1) his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. Strickland, 466 U.S. at 697. A petitioner must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. The court must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To make such a showing, a petitioner must demonstrate that "no competent counsel would have taken the action that his counsel did take." United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (quotation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done.

We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." <u>White v. Singletary</u>, 972 F.2d 1218, 1220 (11th Cir. 1992).

In order to meet the second prong of the test, the petitioner must demonstrate that counsel's unreasonable acts or omissions prejudiced him. That is, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.

The <u>Strickland</u> standard also applies to ineffective assistance of appellate counsel claims. <u>See</u> <u>Clark v. Crosby</u>, 335 F.3d 1303, 1310 (11th Cir. 2003). To render effective assistance on appeal, counsel need not present every argument, regardless of merit, requested by a petitioner. <u>See</u> <u>Jones v. Barnes</u>, 463 U.S. 745, 750 (1983). In order for an ineffective assistance of appellate counsel claim to have merit, the court must decide whether the arguments that counsel failed to raise were significant enough to have affected the outcome of the appeal. Appellate counsel is not ineffective for failing to raise claims "reasonably considered to be without merit." <u>Nyhuis</u> 211 F.3d at 1344 (internal citations omitted).

"Attorney errors that fall short of constitutionally ineffective assistance do not constitute cause to excuse procedural default." Guyton v. United States, No. 10-12056, 2011 WL 5839709, at *4 (11th Cir. Nov. 22, 2011)

2. Kapordelis's Ineffective Assistance Claims

**GROUND-16:** Movant's Conviction And Sentence Were Obtained On The Basis Of Ineffective Assistance Of Counsel At Trial, At Sentencing, And On Appeal, In Violation Of The Sixth Amendment, Singularly Or Cumulatively.

Kapordelis was represented at trial, sentencing, and on appeal by Donald Samuel.

a. Ineffective Assistance on Appeal

Kapordelis argues that Mr. Samuel was ineffective for not raising on appeal each of the claims that Kapordelis now raises in his § 2255 petition. Most of these claims require no discussion other than to say that it is obvious that Mr. Samuel made reasonable choices on which arguments to pursue. For example, it was clearly reasonable for Mr. Samuel to choose not to argue on appeal that the judges who handled his case were homophobic, bigoted, and had an improper motivation to rule against Kapordelis. Also, as to the claims that were pursued on appeal, i.e., the search warrant litigation, the Rule 404(b) evidence, and the sentencing claims, a review of the appellate briefs makes it apparent that Kapordelis was well represented. It was a reasonable choice for Mr. Samuel not to allege in his petition for rehearing that the panel of the

Court of Appeals had violated Kapordelis's rights under the First Amendment, right to due process under the Fifth Amendment, and right to confront evidence under the Sixth Amendment.

Kapordelis contends that Mr. Samuel was ineffective in his handling, on appeal, of his objection to the district court's reliance on the border search or search incident to arrest exceptions to uphold the search of Kapordelis's laptop computer that he carried with him when he arrived in New York from Russia. Rather than brief this issue in his appellate brief, Mr. Samuel requested the Court of Appeals to consider the arguments he had made in the district court about the inapplicability of the border search and search incident to arrest theories. The Court of Appeals declined Kapordelis's request to consider the arguments made in the district court, and deemed the arguments waived on appeal. Kapordelis, 569 F. 3d 1312.

Mr. Samuel made a reasonable choice in deciding which issues to pursue on appeal. Even assuming arguendo that Mr. Samuel was ineffective for attempting to rely on his arguments in the district court without further briefing in the Court of Appeals, Kapordelis was not prejudiced. The government had obtained a search warrant from a magistrate judge to search the laptop computer that Kapordelis had with him when he returned from Russia, and the search warrant was found to be supported by probable

cause.  Thus, even if Mr. Samuel had succeeded on his argument that the search of the laptop could not be justified as a border search or search incident to arrest, such success would not have resulted in the suppression of evidence against Kapordelis.  Accordingly, Kapordelis was not prejudiced by Mr. Samuel's handling of this issue on appeal.

Kapordelis also alleges that Mr. Samuel was ineffective on direct appeal for failing to specifically cite to some trial exhibits which Kapordelis argued were improperly admitted under Federal Rule of Evidence 404(b).

Kapordelis argued on direct appeal that testimony, e-mails, and text messages that showed that Kapordelis had sexual activity with males under the age of eighteen in Prague were improperly admitted under Rule 404(b) because such sexual activity was legal in the Czech Republic.  The Court of Appeals thoroughly addressed and rejected Kapordelis's 404(b) argument with respect to the testimony about Kapordelis's trysts with boys in Prague.  However, in a footnote, the Court stated that it could not address the argument that the e-mails and text messages were erroneously admitted because Kapordelis failed to specify the trial exhibits he claimed were erroneously admitted. Kapordelis, 569 F.3d at 1312, fn 18.

Because Kapordelis's argument on direct appeal was that the testimony and exhibits were erroneously admitted for the same reasons, any failure to specifically cite

the exhibits was clearly harmless. Therefore, Kapordelis was not prejudiced by any failure of Mr. Samuel to cite to the specific exhibits.

### b. Ineffective Assistance of Counsel in the District Court

Kapordelis's lack of selectivity in arguing ineffective assistance of counsel makes this claim difficult to address. However, after careful review, I conclude that Kapordelis has identified no instance of ineffective assistance of counsel in the district court.

For example, one of Kapordelis's contentions is that Mr. Samuel should have objected during the prosecutor's closing argument when the prosecutor implied that the age of consent was eighteen years old. As set forth above, Kapordelis objects to the prosecutor's statement that "Dr . Kapordelis was free to have sex with someone over the age of 18 as much as he wanted, male or female . . ." because that statement implied that the age of consent was eighteen, when in fact the age of consent was lower in the Czech Republic. However, Kapordelis concedes that Mr. Samuel requested throughout the pre-trial proceedings and trial that the jurors be informed about the actual age of consent in Prague for sexual activity, but his requests were rejected by the district court. (Doc. 536-17 at p. 18). Given the court's rulings, Mr. Samuel's strategic decision not to object to

the prosecutor's statement, does not constitute ineffective assistance under the applicable standards.[4]

Another ineffective assistance argument made by Kapordelis relates to Mr. Samuel's objections when the trial court did not allow the defense to call government agents to testify about their investigation in Russia. Kapordelis faults Mr. Samuel for not arguing that the proffered evidence would show that the "government was obstructively motivated to present witnesses who testified falsely or misleadingly." (Doc. 536-17 at p. 9). Again, Mr. Samuel acted reasonably in choosing not to make arguments that impugned the motivations of the government attorneys and agents.

Kapordelis also contends that he was sentenced, in part, based on legal gay sex in the Czech Republic. He blames Mr. Samuel for allowing this to happen. However, the record makes clear that Mr. Samuel vigorously objected to any implication that Kapordelis engaged in illegal sexual conduct in the Czech Republic or that his legal conduct in Prague should be used against him. (See, e.g., Doc. 490-4 at p. 1). Thus, Kapordelis's criticism of Mr. Samuel on this point is unfounded. Kapordelis also

_____

[4]Kapordelis appears to acknowledge that Mr. Samuels made a strategic decision when Kapordelis states that he "understands that Mr. Samuel may have been reluctant to object during the government's closing given the court's specific ruling that the jurors were not going to be told the truth about the age of consent laws." (Doc. 536-17 at p. 8).

contends that Mr. Samuel provided ineffective assistance in connection with the fine imposed as part of Kapordelis's sentence. As an initial matter, the court notes that Kapordelis may not raise a claim relating to a fine in a § 2255 motion because such a claim does not challenge his custody. See Mamone v. United States 559 F.3d 1209, 1211 (11th Cir. 2009).

Alternatively, the claim is without merit. Kapordelis contends that Mr. Samuel should have objected to the fine because Kapordelis is unable to pay it. (Doc. 536-17 at p. 18). The district court ordered Kapordelis to pay a fine of $20,000 on Count Five, to be paid in full immediately. However, the district court also recognized that Kapordelis may not have been able to pay the fine immediately as evidenced by the court's order that fine payments be made from any wages that Kapordelis might earn in prison in accordance with the Bureau of Prisons' Financial Responsibility Program, and that any portion of the fine not paid in full at the time of his release would become a condition of supervision and paid at a monthly rate of at least $150.00 or 25% of Kapordelis's gross income in excess of $2000.00 per month. (Doc. 517 at p. 324-5). Mr. Samuel did not object to the fine or raise it as an issue on appeal.

Under U.S.S.G. § 5E1.2, "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able

to pay any fine" "even with the use of a reasonable installment schedule." U.S.S.G. § 5E1.2(a) & (e)(1). Kapordelis has the burden of proving inability to pay. <u>United States v. McGuinness</u>, 451 F.3d 1302, 1307 (11th Cir. 2006); <u>United States v. Hernandez</u>, 160 F.3d 661, 665 (11th Cir. 1998). Kapordelis has not shown that he will be unable to pay the fine with future payments under the Bureau of Prisons' Financial Responsibility Program or from employment after he is released from prison. Thus, he has not shown that Mr. Samuel was ineffective in not objecting to the fine imposed by the district court.

As with his arguments of ineffective assistance on appeal, Kapordelis points to no action or inaction by Mr. Samuel at the district court level that could not be viewed as a reasonable defense strategy or that prejudiced Kapordelis. Thus, Kapordelis's ineffective assistance of counsel claims are without merit.

## IV. **KAPORDELIS'S MOTION TO AMEND THROUGH SUPPLEMENTATION**

Kapordelis's § 2255 petition with exhibits is 561 pages long. (Doc. 536) Kapordelis then filed a 259-page memorandum of law (Doc. 542) and a six-page supplemental motion (Doc. 539). The government filed a 32-page response to Kapordelis's § 2255 petition (Doc. 553). I allowed Kapordelis to file a 30-page reply which he filed on October 25, 2011. (Doc. 564). On the same date, Kapordelis filed

an 88-page Motion to Amend through Supplementation which is essentially an additional reply brief. (Doc. 563). Because this document adds nothing to the voluminous arguments Kapordelis has already presented, and because the court has already allowed a large volume of filings by Kapordelis, Kapordelis's Motion to Amend Through Supplementation (Doc. 563) is **DENIED**. For the same reasons, Kapordelis's motion to amend seeking an expanded page limit to file a reply [Doc. 559] is **DENIED**.

## V.   <u>CONCLUSION</u>

For the reasons discussed above, **I RECOMMEND** that Kapordelis's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc. 536) be **DENIED**. Kapordelis's Motion to Amend Through Supplementation (Doc. 563) is **DENIED**. Kapordelis's Motion for Discovery (Doc. 566) is **DENIED** because there is no good cause for discovery.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED**, this 12th day of December, 2011.

                         *Gerrilyn G. Brill*
                         GERRILYN G. BRILL
                         UNITED STATES MAGISTRATE JUDGE